FARM & HOME INVESTMENT COM-
PANY, Plaintiff-Respondent,

v.

Clifford W. GANNON, et ux., et al.,
Defendants-Appellants.

No. 42847.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 21, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied
Nov. 10, 1981.

L. B. Eckelkamp, Jr., Gael D. Wood, Jenny, Cole & Eckelkamp, Washington, for defendants-appellants.

Dana Hockensmith, Phillip Pitts, Hillsboro, for plaintiff-respondent.

GUNN, Acting Presiding Judge.

The source of this litigation is a water main extension contract between defendants-appellants property owners and the City of DeSoto. Plaintiff-respondent, which sought to tap on to the water line, objected to the proposed fee to be charged and challenged the validity of the contract by declaratory action. The trial court found the contract void and that the water main had been dedicated to public use. We reverse and remand for a determination of the reasonableness of the tap-on fee.

Defendants were the developers of a shopping center within the city limits of DeSoto. On June 21, 1976, they entered into a "Contract and Agreement of Cooperation for Construction, Dedication and Reimbursement of Cost Water Line Extension" with DeSoto. Under the terms of the agreement, defendants agreed to construct and install a water main at their own expense extending from the city's water lines to their property as "an extension to DeSoto's water system." Defendants were to retain title to and ownership of the water main for ten years or until they had recovered $30,000 of their construction costs through tap-on fees from new customers, whichever occurred first; after which, title to the water main extension would vest in the city. The agreement provided that the city would not permit extensions or tap-ons to the water main extension without defendants' consent except for certain specified parties or unless a reasonable tap-on fee were paid to defendants. In addition, the city was entitled to its regular tap-on fee and water use charges. Prior to the execution of the agreement, DeSoto acquired easements for the water main and after construction was completed according to city specifications, made certain repairs and installed two fire hydrants on the line. The DeSoto pumping station provided the water pressure through the line from the city's reservoir.

In the latter part of 1976 the plaintiff sought to tap on to the water line for its facilities and was directed by DeSoto officials to defendants, who advised that the tap-on fee would be $5,000. Plaintiff's response was to request the city's permission to connect to the line with an offer of the usual $200 fee required to tap-on the city's water system. When denied its request, plaintiff instituted this action seeking a declaration that the agreement was void and that it could connect to the water line as a matter of right.

The trial court found that the contract was void; that a portion of the consideration for it had been performed before it had been executed. It also found that the method of reimbursement constituted an ultra vires delegation of the city's legislative authority. Finally, the trial court de-

termined that there had been a common law dedication of the water main by defendants to the city.

Initially, we find that there was no improper delegation of DeSoto's authority to control and collect payment of tap-on fees. Plaintiff is accurate in its assessment of the law that a municipal corporation may not delegate, contract away or surrender its legislative authority. *North Kansas City School District v. J. A. Peterson-Renner, Inc.*, 369 S.W.2d 159, 165 (Mo.1963); *Stewart v. City of Springfield*, 350 Mo. 234, 246, 165 S.W.2d 626, 629 (banc 1942); *Aquamsi Land Co. v. City of Cape Girardeau*, 346 Mo. 524, 534, 142 S.W.2d 332, 337 (1940). And, of course, a contract entered into by a municipality beyond the scope of its power is void. *Fulton National Bank v. Callaway Memorial Hospital*, 465 S.W.2d 549, 552 (Mo.1971); *Ballard's Estate v. Clay County*, 355 S.W.2d 894, 897 (Mo.1962). But in this case there was no delegation of DeSoto's legislative authority. Unlike the situation in *North Kansas City School District v. J. A. Peterson-Renner, Inc.*, defendants could not refuse to allow anyone to tap on to the water line as long as the potential connectors paid a reasonable fee. Thus, DeSoto retained control of its water system and the right under the agreement to collect its own connection fees[1], water usage charges and the power to determine who could connect to its lines. We do recognize, however, that the contract is inelegantly drawn and cannot serve as a paradigm for a similar circumstance.

Next, we consider the issue of whether a substantial portion of the consideration for the agreement had been performed by way of construction, maintenance and permits prior to the execution of the agreement—a situation which would be impermissible under § 432.070, RSMo 1978. But the consideration to be received by defendants, such as DeSoto's maintenance of the line, was to occur after the contract's execution; hence, there was no violation of § 432.070.

Finally, there was no dedication to DeSoto of the water main. Essential to common law dedication are the following elements: unequivocal action by the owner indicating intent to dedicate property to a public use; acceptance of the property by the public; public use of the property. *Wendy's of Mid-Missouri, Inc. v. West*, 606 S.W.2d 215, 217 (Mo.App.1980). The unequivocal action necessary to establish the requisite intent has been described as "not doubtful, not ambiguous, clear, plain." *Connell v. Jersey Realty & Investment Co.*, 352 Mo. 1122, 1128, 180 S.W.2d 49, 53 (1944). The action must also be convincing. *Cheatham v. Melton*, 593 S.W.2d 900, 903 (Mo. App.1980). We find that the specific exemptions within the contract, e. g., reservation by defendants of ownership of the line for ten years or upon receipt of $30,000, do not represent unequivocal evidence of intent to dedicate.

But one thread remains unravelled, requiring remand of the case: the reasonableness of the defendants' requested $5,000 tap-on fee. The agreement specifically provides that defendants are "not to unreasonably set charges." Yet, the record is absolutely destitute of any evidence of the reasonableness of the proposed charge or how the charge bears a substantial relationship to the cost involved in providing the service. *See* 12 E. McQuillin, Municipal Corporations § 35.37a (3d ed. 1970). The agreement between DeSoto and defendants provides guidelines that charges must bear some reasonable relationship to construction costs and use of the water in the extensions. Accordingly, the matter must be remanded for evidence and determination of the reasonableness of defendant's proposed tap-on fee.

Reversed and remanded.

STEWART and REINHARD, JJ., concur.

---

1. The agreement, specifically provides that everyone connecting to the city's water main must "pay DeSoto all appropriate deposits, fees or connection charges...."