**Robert E. RINEY, Appellant,**

v.

**CITY OF HANNIBAL, a Municipal Corporation, Respondent,**

**and**

**Bleigh Ready-Mix Company, Respondent/Intervenor.**

**No. 49932.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 17, 1986.

J. Patrick Wheeler, Canton, for appellant.

Peter Danielsons, Hannibal, for City of Hannibal.

Wasinger, Parham & Morthland, Austin Parham, Hannibal, for Bleigh Ready-Mix Co.

CRIST, Judge.

Robert E. Riney (taxpayer) appeals from an order of the trial court denying his petition for a permanent injunction to enjoin the City of Hannibal (city) from paying for concrete ordered from Bleigh Ready-Mix Company (concrete supplier). We reverse and remand.

City undertook to improve one of its streets by its own work force. From time to time, as ordered by city, concrete supplier delivered concrete to the project site. By charter, city is required to seek bids for all purchases exceeding $13,174.99. The street project grew without note of the total cost of the delivered concrete. The outstanding bill for the concrete is $23,-

302.03, which amount has been paid by city to an escrow account pending the outcome of this appeal.

 To the extent the city's purchases of concrete from concrete supplier exceeded $13,174.99, the purchases violated city's charter and were void. *Farm & Home Investment Co. v. Gannon,* 622 S.W.2d 305, 307 (Mo.App.1981); *Bride v. City of Slater,* 263 S.W.2d 22, 26 (Mo.1953). The proof in this case did not show a contract for a sum certain, but rather individual purchases of concrete for a single road project. City made the purchases legally until the total purchases exceeded the limitation imposed by city's charter. Purchases made after reaching this amount were illegal. Therefore, concrete supplier should receive from the escrow account $13,174.99 less any amount already paid by city to concrete supplier, plus accrued interest on such net amount. City should receive the remainder of the amount in the escrow account, plus the accrued interest on this amount.

 City and concrete supplier raise several other points which may be disposed of summarily. As to taxpayer's standing to sue, it was sufficient for taxpayer to allege he was a tax paying citizen of city. *J.C. Nichols Co. v. City of Kansas City,* 639 S.W.2d 886, 888 (Mo.App.1982). Taxpayer represents the public interest of all the citizens of city when he alleges and proves the expenditure of public funds in violation of city charter. *See Hillside Securities Co. v. Minter,* 300 Mo. 380, 254 S.W. 188, 193 (banc 1923). Taxpayer proved the road project was undertaken by city employees, who would be paid from city revenues. City and concrete supplier's assertion that injunction is an improper remedy is without merit. *See Everett v. County of Clinton,* 282 S.W.2d 30, 34 (Mo.1955). As to the contention equity demands payment, concrete supplier is presumed to have knowledge of the restrictions contained in the city charter. *See Donovan v. Kansas City,* 352 Mo. 430, 175 S.W.2d 874, 879 (banc 1943); *Bride v. City of Slater,* 263 S.W.2d at 26. Thus, it is not inequitable to deny concrete supplier any recovery in excess of the charter restrictions.

The cause is reversed and remanded with directions to enter judgment in favor of taxpayer and against city and concrete supplier. Concrete supplier shall receive $13,174.99 less any amount already received from city for purchases on this project, plus accrued interest on this net amount. Costs in the trial court and in this court shall be taxed one-half to concrete supplier and one-half to city.

DOWD, P.J., and CRANDALL, J., concur.