## CLARA P. BOBB, Appellant, v. CITY OF ST. LOUIS.

Division One, October 8, 1918.

1. **PLAT: Dedication: Without Seal.** The General Statutes of 1865 (Chap. 44) did not require that the plat dedicating land to public use should be under seal. The statute only required that the plat be acknowledged and recorded.

2. **INSTRUCTIONS: Refusal: Harmless.** If the trial court, sitting as a jury in ejectment, found all the issuable facts in plaintiff's favor, and the questions of law involved appear fully upon the face of the record, he cannot on appeal complain that instructions asked by him were refused or modified by the court.

3. **DEDICATION TO PUBLIC USE: Abandonment: Limitations.** Land acquired by a city, by a plat executed and recorded by its own-ers in the manner prescribed by law, by which they dedicated it to public use as a highway, does not, because it is not opened as a highway within ten years, automatically revert to the dedicators. Section 7847, Revised Statutes 1909, does not apply to the title to land acquired by the city in perpetual trust.

4. ———: **By Trustee: After Acquired Title: Estoppel.** A person who dedicates land to a public use, either individually or in a repre-sentative capacity, is estopped to set up a title adverse to that purported by his dedication, and an after-acquired title will inure to the public if the instrument is a dedication of a street. Two trustees, who held the title to an undivided fifth interest in a

(59)

tract of land in trust for a named beneficiary, and the owners of two other undivided fifths, signed a plat of an addition, by which they dedicated a certain strip of it to public use as a street. The signers stated that they were owners of the tract included in the plat. The owners of the remaining two-fifths did not sign the plat and had nothing to do with it. Afterwards one of the trustees acquired the entire tract in severalty, and by his will devised the same to the plaintiff, who sues the city in ejectment to recover the strip. *Held*, that by the express representations in the act of dedication that he and the other signers were the owners, the said trustee was estopped from denying the title then asserted and from setting up his after-acquired title against it, although he signed the plat as "trustee;" and being estopped, his devisee, who stands in his shoes, is likewise estopped.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

AFFIRMED.

*T. J. Rowe* for appellant.

(1) Deeds and other conveyances without seal, from 1816 to 1893, were void. Plats without seal during the same time were void. An instrument in writing, not under seal, which the law requires to be under seal, will not operate as an estoppel. G. S. 1865, ch. 109, sec. 7, p. 444; Shelton v. Alcock, 11 Conn. 249; Davis v. Tyler, 18 Johns. (N. Y.) 492. (2) Non-user of a public highway for a period of ten years, continuously, is an abandonment. R. S. 1909, sec. 10446; R. S. 1899, sec. 9472; R. S. 1889, sec. 7847; Johnson v. Rasmus, 237 Mo. 586. (3) A public highway, road or street can only be established by dedication, condemnation or prescription. There is no such thing known to the law as establishment of a public highway by estoppel. (4) The twenty-foot strip described in the petition was in St. Louis County until October 22, 1876, and it was never opened and repaired according to the provisions of Sec. 1, chap. 52, p. 290, G. S. 1865. (5) Where land is owned by several as co-tenants, no dedication will be valid unless all the co-tenants join therein. McBeth v. Trabue, 69 Mo. 656; City v. Gas. Light Co., 78 Mo. 198.

*Charles H. Daues* and *H. A. Hamilton* for respondent.

(1) A tenant in common may make a conveyance of his interest by metes and bounds in part of land held in common and said conveyance is valid, not only as to the grantor, but as to his co-tenants. Barnhart v. Campbell, 50 Mo. 597; St. Louis v. Laclede Gas. Light Co., 96 Mo. 197; Cordier v. Brown, 98 Mo. 666. (2) A person who conveys land ·or dedicates the same to public use, either individually or in a representative capacity, is estopped to set up a title adverse to that purported to be conveyed by his grant or dedication, and an after-acquired title will inure to the grantee in a deed, or to the public, if the instrument be a dedication of a street. Reid v. Board of Education, 73 Mo. 295; Kansas City Milling Co. v. Riley, 133 Mo. 574; R. S. 1909, sec. 2871; City of Napa v. Howland, 87 Cal. 84; Cincinnati v. Lessee of White, 31 U. S. 440; Poor v. Robinson, 10 Mass. 131; Brock v. Rogers, 184 Mass. 545; Wells v. Steckelberg, 52 Neb. 597; Forney v. Calhoun Co., 84 Ala. 215; 11 Am. & Eng. Encyc. of Law (2 Ed.), p. 397; Elliott on Roads and Streets (3 Ed.), sec. 159. (3) A party may by his conduct adopt a plat and approve an unauthorized dedication of a street shown thereon and after such adoption and approval will not be heard to deny the validity of the dedication of such street, and user by the public need not be for the statutory period of limitation—ten years. Longworth v. Sedevic, 165 Mo. 222; McGrath v. Nevada, 188 Mo. 102; Laclede-Christy C. P. Co. v. St. Louis, 246 Mo. 446.

BROWN, C.—This is ejectment, instituted February 27, 1912, in the circuit court for the city of St. Louis, to recover a strip of land in said city twenty feet wide, extending one thousand, one hundred and seventy feet north and south from the north line of Manchester Road to the south line of Bischoff Avenue, and bounded on the west by a line at all points thirty feet east of the west line of Cooper Street.

This land was in St. Louis County up to the time of the adoption of the Scheme and Charter, October 22, 1876, by which it was included in the city.

The defendant city claims the land as a part of Cooper Street, and in its answer admits its possession, and denies the other allegations of the petition. As an affirmative defense it pleads that the strip of ground was dedicated to public use as a public highway, by a plat of dedication executed May 26, 1868, and filed in the recorder's office of the city of St. Louis on or about the tenth day of June, 1869, by John H. Bobb, now deceased, and William C. Jamison, as trustees, and by Julia A. Letcher and Julia A. Ashbrook. That said parties stated in the dedication that they were owners of the said strip and that the dedication was accepted by the public and thrown open to public use, and has ever since been openly and notoriously used as a part of the street and that plaintiff is barred of whatever right he might otherwise have by the Statute of Limitations. As a second special defense it pleaded that about May 26, 1868, the said Bobb and William C. Jamison, trustees, together with Julia A. Letcher and Julia A. Ashbrook, executed a plat dedicating the strip to public use forever, as a public highway known as Cooper Street, and that in said plat and dedication they represented themselves to be the owners. That said plat was filed in the recorder's office of the city of St. Louis on the 10th day of June, 1869, and that the city thereupon accepted said strip so dedicated as a public highway, and that it was opened and has been used as such ever since, and improved by the city by paving the roadway, putting in sidewalks, sewers, lamp posts and other improvements located thereon, by all of which the plaintiff is estopped from asserting title. For a third defense it pleads that since about the year 1869, the city has carried upon the public records of its street department Cooper Street as a public highway fifty feet wide between Manchester Road and Bischoff Avenue, and believing that it had good title and ignorant of plaintiff's

claim has improved the street upon said land at great expense to the public, all of which the plaintiff had knowingly and fraudulently permitted, and had thereby forfeited all right to complain, and is estopped from asserting it.

Isaac A. Letcher is the common source of title, having acquired the land in which this strip is included in 1838, and it is admitted that in 1862 the title had become well vested by deeds in Julia A. Letcher, his wife, and John Letcher, Robert F. Letcher, Jacob J. Letcher and Julia A. Ashbrook, his children, the last named having intermarried with one Levi L. Ashbrook. On August 6, 1862, Robert F. Letcher conveyed his undivided one-fifth of the ten acres to his mother, and Mrs. Ashbrook, who, on June 27, 1866, conveyed an undivided one-fifth of the ten acres to William C. Jamison and John H. Bobb for the sole use and benefit of Robert F. Letcher for life, and at his death to the use of Julia A. Letcher and Julia A. Ashbrook, and the survivor of them for life, and at the death of the survivor to the use and benefit of the children and descendants of Mrs. Ashbrook according to the law of descents and distributions, then to the heirs of Julia A. Letcher. The husband of Mrs. Ashbrook joined in this conveyance.

Up to June 10, 1869, Cooper Street between Mancheseer Road and Bischoff Avenue had been a public road thirty feet wide, including none of the land in controversy. On that day there was filed in the office of the recorder of deeds for St. Louis County, the plat of Fairmont Addition. It was signed by Julia A. Letcher and Julia A. Ashbrook and husband, and also by William C. Jamison and John H. Bobb as trustees, and dedicated, among other streets, Cooper Street fifty feet in width, which included the strip now in controversy. This plat and dedication was unsealed and constitutes the only express dedication of the land to public use as a street. The owners were then all in possession of said land. There was a fence, or at least the remains of a fence, between this strip and the thirty feet origi-

nally occupied by Cooper Street, until 1890, when it disappeared.

In December, 1870, Abraham Siegel and John H. Bobb had become owners in fee of the entire ten acres, and so continued until September 17, 1884, when Bobb conveyed his interest to Siegel, who remained in possession as owner until January 5, 1887, when he conveyed it to the Planet Property & Financial Company, which remained in possession as owner until 1904, when it conveyed to John H. Bobb. The defendant city took exclusive possession of the strip sued for in 1909, and has continued in possession ever since. There was some evidence of its use by the public before that time.

John H. Bobb died March 10, 1910, leaving a will by which he devised all his residuary estate, including any interest he may have had in said land at the time of his death, to this plaintiff, who is his widow, and claims the property in question under the will. At the trial evidence was introduced relating to the possession and use of the property by the parties interested or claiming an interest therein, including the public.

The cause was heard by the court without the intervention of a jury, and numerous declarations of law in the nature of instructions were asked by the plaintiff, some of which were given as asked, others modified by the court and given, and others refused.

Both plaintiff and defendant requested the court in writing to state in writing its conclusions of fact as found by the court separately from its conclusions of law, in accordance with the provisions of Section 1972, Revised Statutes 1909. This it did after stating the facts agreed upon by the parties, as follows: "From them the court concludes that the only fact or facts which it is expected to find relate to a right-of-way over the land in question, acquired by adverse user for a period of more then ten years before the commencement of this suit. Considering this testimony, while keeping in mind the fact that the public had already acquired a right-of-way over a road thirty feet wide, and adjoining the land in question on the

west, the court finds that a right-of-way over the land in question had not been acquired by the defendant by prescription or adverse user for more than ten years prior to the commencement of this suit.''

The court thereupon declared the law as follows:

''The court, of its own motion, declares the law applicable to the facts in this case as follows, to-wit:

''First.    Where two or more persons, assuming to be the owners of land adjoining a public highway, undertake in the manner prescribed by the statutes of this State to dedicate a strip thereof for the purpose of widening said highway, and where the instrument signed by them purports on its face to be the act of the owners of said strip, and contains no limitations or exceptions as to the interest which it purports to dedicate, such an instrument is in the nature of a grant, and carries with it a representation or assurance of title in the nature of a warranty, especially where the owners of other tracts of land have joined in the same instrument for the purpose of widening, opening and dedicating continuous streets, according to a general plan.    If the instrument so executed is defective, owing to the fact that one or more persons having an interest in common with the dedicators fail to join in the instrument, still it is binding upon those who do join, and if after so executing and recording such instrument those, or any of those who are joined therein, acquire the outstanding interest of those who did not join, the outstanding interest so acquired inures to the benefit of the grant, and renders the title of the grantee complete.    In such case the dedicator who acquires an outstanding interest is estopped to maintain any claim for such outstanding interest as against a grantee in his deed of dedication.

''Second.    And where one or more of the persons who join in the execution of a deed of dedication, in the circumstances mentioned in the foregoing declaration, in a representive capacity, as trustee, for example, and without, as here, disclosing for whom he assumes

276 Mo.—5]

to act as trustee, such person so acting in a representative capacity cannot acquire an outstanding interest in his own individual right, and successfully make a claim thereto as against the grantee. In other words, one acting in a representative capacity is estopped in the same manner and to the same extent as if he acted in his own right.

"Third. It appears from the agreed statement that John H. Bobb, who joined in the deed of dedication as trustee, on March 16, 1910, by mesne conveyance, acquired the outstanding interests of John Letcher, Jacob J. Letcher and Robert F. Letcher, if any he had, in the land in question, and who did not join in the deed of dedication. John H. Bobb was then estopped to maintain any claim based upon the outstanding interest which he had thus acquired as against the grantee in the deed of dedication to which he was a party, and his devisee, Clara P. Bobb, the plaintiff herein, is likewise estopped.

"It follows, therefore, that judgment must go in favor of the defendant." To which declaration of law the plaintiff duly excepted.

Judgment was thereupon entered for defendant and this appeal duly taken.

I. The appellant insists that dedications to public use by a plat made pursuant to the provisions of Chapter 44, General Statutes 1865, are void if unsealed. This **Seal.** statute does not require the formality of a seal, either in express terms or by implication. It has no connection with the subject treated in Section 1 of Chapter 109 of the same statutes, providing that "conveyance of lands or any interest therein may be made by *deed* . . . acknowledged and recorded as herein directed, without any other act or ceremony whatever." Chapter 44 provides with equal distinctness that dedications may be made by *plat* acknowledged and recorded as therein provided. Whether they should be sealed was for the Legislature to determine.

II. The case is ejectment for a strip of land twenty feet wide claimed by the defendant city as being the east twenty feet of Cooper Street. It claims the right to possession both by dedication and adverse possession, **Refusing** and both issues were tried without a jury. **Instructions.** After the evidence had been introduced both parties requested the court to state in writing its conclusions of fact separately from its conclusions of law, which it did, finding for the plaintiff upon the question of possession and use of the land as a public street for the period of ten years. This left only questions of law upon the admitted facts to be determined, and these were resolved in favor of the defendant. The plaintiff asked a number of instructions, which were refused or modified. Of this the plaintiff cannot complain, as the only issuable facts were determined in his favor and the questions of law involved appear fully upon the face of the record. [Kostuba v. Miller, 137 Mo. 161.]

III. In 1869 the land in question was included in a tract of ten acres in St. Louis County owned in common by one Jamison and John H. Bobb, trustees for Robert F. Letcher and various successors in the use, together with Julia A. Letcher, John Letcher, **Failure to** Jacob J. Letcher and Julia A. Ashbrook, **Open Street:** **Limitation.** the wife of Levi L. Ashbrook. On June 10th of that year the plat of "Fairmont Addition" was filed in the office of the recorder of deeds for St. Louis County, in which the land was situated. It complied in form in all respects with the provisions of Chapter 44, General Statutes 1865, dedicated the strip of land in controversy to public use as a part of Cooper Street, which was shown upon the plat and in the dedication as a street fifty feet wide, was signed by Julia A. Letcher, Julia A. Ashbrook and husband and also by William C. Jamison and John H. Bobb, as "trustees," and stated that the signers were the owners of the ten acres of land included by them in the plat. It was not signed by either John Letcher or Jacob J. Letcher.

This instrument is the foundation upon which the possessory right of the city stands in this appeal. At the time it was executed and filed Cooper Street was, and had for a long time been a public road legally established by the county court, fenced by the abutting owners, and travelled by the public as such. In 1876 it was incorporated within the city and became a part of its system of public streets. If the facts stated in the plat were true, the city became invested with the title and might appropriate it to the use whenever the public should require it. This quality was inherent in the very nature of the use, and was fully recognized and guaranteed by the terms of Section 7, Chapter 191, General Statutes 1865, which provided that "nothing contained in any Statute of Limitation shall extend to any lands given, granted, sequestered or appropriated to any public, pious or charitable use." Having acquired the land in perpetual trust, it could only be abandoned by an act as deliberate as that by which it had been acquired. The Act of 1887 (R. S. 1889, sec. 7847) was not intended to apply to such titles, and does not purport to apply. It is unthinkable that the Legislature should enact that in every city addition the streets and alleys not opened within ten years should be automatically closed and revert to the dedicators. It is unnecessary to devote time and space to examples of the absurd results such an enactment would produce. This question has recently been discussed and determined by this court in Robinson v. Korns, 250 Mo. 663, and Caruthersville v. Huffman, 262 Mo. 367, in which we reached the result just stated.

IV. But the matters stated in this plat were untrue, for the dedicators who signed it were not the owners, or, as they are designated in the law under which they were attempting to act, the "proprietors" of the entire title. The owners of two undivided fifths of the tract had nothing to do with it. As to them, at least, the dedication had not been operative.

Estoppel.

It is said by some wise person that every lie, in its very nature, requires a truth to be lied about. In this case the truth about which the statement was made was the title to the land.

After flitting in and out and around Mr. Bobb for thirty-five years it finally settled upon him and, in 1904, he became seized of the title in fee simple and remained the absolute owner until his decease in 1910. The truth asserted itself, and the untrue became true. It is unnecessary to refer to Mrs. Bobb, his devisee and appellant here, because it is not questioned that she stands in the same relation to the title as would her deceased husband were he living and prosecuting this suit. The question is thus presented whether he could, if living, successfully claim the title as against this dedication. In answering it, it is unnecessary to notice that he executed the instrument as "trustee." The interests of his beneficiaries are not involved. The execution of the plat and the statement that the signers were the owners was, in law, an assertion not only that they had the title, but of power to perform the act. The sole question is whether by the execution of the plat Mr. Bobb was estopped from denying the *title* which it asserted and upon which it rested. The statute under which the declaration was made must be looked to for the answer. It provides (G. S. 1865, ch. 44, sec. 1) that the plat shall set forth and describe "all the parcels of ground within such . . . addition reserved for public purposes, by their boundaries, course and extent, whether they be intended for avenues, streets, lanes, alleys, commons or other public uses." It further provides (Sec. 8) that such plat "shall be a sufficient conveyance to vest the fee of such parcels of land as are therein named, described or intended for public uses in such city, town or village, when incorporated, in trust and for the uses therein named, expressed or intended, and for no other use or purpose. If such city, town or village shall not be incorporated, then the fee of such

lands conveyed as aforesaid shall be vested in the proper county in like trust.''

There can be no doubt that under this statute the plat made in pursuance of its terms constituted a grant of this particular land to St. Louis County and that when it was incorporated in the city the title passed with it. The statute designates the instrument as a ''conveyance'' and we can see no reason why it should not have the same effect as a divestiture of the dedicator and investiture of the public in the title and its incidents to the extent provided, including the quality of estoppel, that inheres in any other grant or conveyance. The reasons for the application of the doctrine of estoppel in cases of this character seems much stronger than those which apply to private grants, because there is not only a public interest involved, but every person becoming a proprietor upon the faith of the dedication has a private interest in the title which supports it; yet it is a well settled general principle that no man shall be allowed to dispute his own solemn deed by saying that he had no interest in the land at the time of his conveyance. [2 Am. & Eng. Ency. Law (2 Ed.), p. 392, and authorities cited.] This rule applies with still greater force and reason against one who makes a personal claim against his conveyance made in a fiduciary capacity. [Id. p. 397.] We see nothing in the Missouri cases cited by the appellant which bears upon the facts of this case, unless it be the remark of this court in City of St. Louis v. Laclede Gas Light Company, 96 Mo. l. c. 198, to the effect that ''perhaps one tenant in common may himself be estopped to deny his grant of an easement in the common property; but he cannot create an easement in such property as against his co-tenant.'' This is the precise position we are now taking.

We hold that by the representation of title expressly made by Mr. Bobb in the act of dedication executed by him in 1869, as well as by the representations necessarily implied by the character of that instrument,

he was estopped from setting up his after-acquired title against it, and that this appellant, his devisee, is bound thereby. It necessarily follows that the judgment of the circuit court is affirmed. *Railey, C.,* concurs.

PER CURIAM:—The foregoing opinion of BROWN, C., is adopted as the opinion of the court; all concur; *Bond, J.,* in result only.