WENDY'S OF MID–MISSOURI, INC., a corporation, Respondent,

v.

I. Leroy WEST, an Individual, and I. Leroy West, R. E. Stevens and Ely Kopman, Statutory Trustees of Property Equities, Inc., a corporation, Appellants.

No. WD 30850.

Missouri Court of Appeals, Western District.

Sept. 2, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1980.

Application to Transfer Denied Nov. 12, 1980.

John W. Inglish, Jefferson City, for appellants.

John E. Burruss, Jr., Michael A. Dallmeyer, Jefferson City, for respondent; Hendren & Andrae, Jefferson City, of counsel.

Before WASSERSTROM, C. J., and PRITCHARD and KENNEDY, JJ.

PRITCHARD, Judge.

Respondent (Wendy's) brought suit to have a north–south street (Blair Drive) lying to the west and adjoining its property, to which street it had ingress and egress from its property, declared to be a public street and for an injunction preventing closure of the street. The trial court found and concluded that the street was public because of a common law dedication and entered an injunction against its closure. Whether there was a common law dedication is the dispositive issue on this appeal.

Property Equities, Inc., had its charter forfeited by the Secretary of State about January 1, 1973, and its last board of directors, West, Stevens and Kopman, were sued as its last and statutory trustees. Individual defendant West owned and was in possession of property north of that of Wendy's which fronts on its south on Missouri Boulevard. Wendy's property is known as 2108 and 2110 Missouri Boulevard in Jefferson City, Missouri. As Blair Drive runs north along the west side of Wendy's, there is an entrance onto the street from the northern part of its property, then as the street proceeds on north, it enters West's property and turns to the east where it runs through the parking area of Colonial Manor Apartments to Williams Street. Williams Street then connects with Dix Road and St. Mary's Boulevard.

Property Equities' predecessors in title, Herman Bell and Irwin Hilton, employed engineer Spencer Thomas, to prepare plans for development of the area in the early 1960's, and a plat of the area, showing streets, was filed in the Cole County Recorder's Office in April, 1965. It shows Blair Drive to be 30 feet wide at its intersection with Missouri Boulevard, with a total right-of-way of 45 feet. As it goes through the apartment parking area it narrows to 20 feet. Since Blair Drive was completed in 1965, it has been travelled continuously by members of the public as personally observed by witnesses Strobel, Brown and Hebel, neighboring property owners, who also used the street on a regular, continuing basis. There were no "private road" signs or barricades, and the street was not otherwise restricted. These witnesses had seen various forms of city services being performed by city employees on the street, such as maintenance, right-of-way mowing, snow removal, cindering and salting. Witness employees and former employees for the city testified that Blair Drive was treated as a city street from 1965 on, the city providing, at its expense, the services of snow plowing, cindering, weed cutting, grass mowing and sweeping, and no person ever requested that the services be stopped.

The city of Jefferson City, through its council, never did by ordinance accept the plat of the area, hence, as respondent concedes, there was never any completed statutory dedication of Blair Drive under the provisions of § 445.030, RSMo 1969. Appellants concede that the original owners (Bell and Hilton) attempted to dedicate the area in question to public use [presumably by the preparation and recordation of the plat in April 1965] but that this constituted an offer to the public which was subject to withdrawal and was withdrawn when the

land was sold to Property Equities. It is true, as appellants say, that the deed to Property Equities, dated August 12, 1970, made no mention of Blair Drive or any public way. Although it does not apparently appear to be relevant to the issue here of whether Blair Drive is a public way by reason of a common law dedication, appellants' predecessor in title conveyed an easement of ingress and egress to Wendy's predecessor in title as a driveway for automobiles and pickup trucks over, along and upon a private roadway owned by grantors west of and immediately adjacent to grantee's property. This private easement seems to be a part, at least, of Blair Drive, although appellants say the evidence shows that the dominant tenement was not the land connected to Blair Drive by Wendy's driveway but was other land acquired from a different party.

■ It has long been held that to establish a common law dedication it must be shown: (1) That the owner, by his unequivocal action, intended to dedicate to public use; (2) that the land so dedicated must be accepted by the public; and (3) the land so dedicated must be used by the public. *Connell v. Jersey Realty & Investment Co.*, 180 S.W.2d 49, 53[5, 6] (Mo.1944); *Smith v. City of Hollister*, 238 S.W.2d 457, 462[4, 5] (Mo. App.1951), and cases cited. The original intent to dedicate to public use is shown by the filing of the plat, showing Blair Drive, in April, 1965. See *City of St. Charles v. DeSherlia*, 308 S.W.2d 456, 465 (Mo.App. 1957), where the requirements for a statutory dedication were not met, but the court said that the statute did not restrict the common law power of the owner to devote his land, or some easement therein to the use of the public, and "A common law dedication is accomplished when the proprietor of land does some act which clearly indicates his intention to dedicate the land to public use and there is an acceptance by the public." The court found, page 465[8], that the recitals in grantor's deed, and in the plat attached to it, were sufficient to warrant a finding that she intended to dedicate the land in question as a public street. In *Abrams v. Lakewood Park Cemetery Assn.*,

196 S.W.2d 278 (Mo.1946), the question was whether there was an intent to dedicate land for cemetery purposes, so as to make a power of sale in a deed of trust ineffective. It was held, page 283[4, 6], that the plat of the cemetery and its recordation evinced an intention to devote the entire tract to cemetery purposes, and there was further intention shown by the fact that the developers held out the lots to purchasers for burial purposes. Thus, the intent of the original owners to dedicate to public use was shown.

■ Appellants say, however, that they should not be held to the intent of their predecessors in interest. That the parties were held to the prior intent of their predecessors in interest is implicit in both the *DeSherlia* and *Abrams* cases, supra. The contention seems to be based on the argument that there was no public acceptance of the intended dedication prior to the sale of the property to them (in 1970). They rely on the *Hollister* case, supra, which held, under its facts, that there had been no acceptance by the public in any manner (as by use) before the offer to dedicate was withdrawn by a conveyance of the property long after a plat was made. Here, there is evidence for the trier of the fact to weigh that not only had Blair Drive been constructed, but members of the public had used it for five years before appellants received their deed. Thus, acceptance by the public is shown by the use made of the street, and also by the work done on it by use of public employees and funds, albeit gratuitous, since Jefferson City had not accepted it, and was under no legal obligation to maintain it. See *Johnson v. Ferguson*, 329 Mo. 363, 44 S.W.2d 650, 653[9] (1931), holding that " * * * acceptance may be by formal action, by public work done thereon, by use by the public, or by building upon or otherwise improving abutting property in reliance thereon." See also *State ex rel. State Hwy. Comm. v. Public Water Supply Dist. No. 2 of Jefferson County*, 559 S.W.2d 538, 541[5] (Mo.App.1977), "Acceptance may be demonstrated by use by the public and need not be for a specific period or for the statutory period under § 516.010,

RSMo 1969. E. g., *Hoechst v. Bangert*, 440 S.W.2d 476, 479 (Mo.1969) (statutory period), citing *Poage v. Oser*, 6 S.W.2d 1009, 1011 (Mo.App.1928) (no definite period)." There are sufficient facts in the record to show public acceptance of Blair Drive prior to the time of appellants' purchase, and to show a common law dedication thereof. It is unnecessary to pursue respondent's further contentions that Jefferson City had acquired the street by adverse possession, or that the easement mentioned above entitled Wendy's to full and unimpeded use of the south 190 feet of Blair Drive as a way to its premises.

The judgment is affirmed.

All concur.