George **COFFEY** and Dewey Stewart, Plaintiffs–Respondents,

v.

**STATE** of Missouri ex rel. COUNTY OF STONE, By and Through Wayne HAM-ILTON, Alden Hembree and Tony De-Long, Commissioners, Defendants,

Lloyd Branham and Donald W. Young, Defendants–Appellants.

No. 19370.

Missouri Court of Appeals, Southern District, Division One.

Feb. 8, 1995.

Roger W. Owensby, Republic, for defendants-appellants.

Matthew F. Trokey, Cantwell, Allman, Smith & Trokey, Branson, for plaintiffs-respondents.

MONTGOMERY, Judge.

George Coffey and Dewey Stewart[1] brought this action against the County of Stone, by and through its three commissioners, and against Lloyd Branham and Donald W. Young[2] to set aside a quitclaim deed from the county to Appellants and to declare that a disputed roadway is a public one. The trial court granted the relief requested. Only Branham and Young appeal.

The road in dispute runs north from AA Highway in Stone County through 80 acres owned by Appellants. At the north end of the disputed road an easement for road purposes commences which runs to a 160–acre tract owned by Coffey. By a contract for deed, Stewart is "buying" this tract.

In 1974, Branham, with his wife and children, lived on the northernmost 40 acres of the 80 acres now owned by Appellants. Along with others, Branham and his wife deeded the roadway in question to Stone County by a warranty deed dated September 9, 1974. The deed contained the following language: "Grantee agrees maintenance of road in suitable condition for school bus to travel." According to Branham, conveyance of this road was necessary before the school bus would pick up his children at their home.

---

1. Hereafter these parties are collectively called Respondents and individually by their last names.

2. Hereafter these parties are collectively called Appellants and individually by their last names.

No one disputes that the county maintained the road from 1975 until 1982. During that time the school bus traveled the road to pick up the Branham children. In 1978, Branham and his wife were divorced and he moved to another location while his ex-wife and children remained on the 40–acre tract. In 1982, the ex-wife and the children moved from the property. Branham purchased his ex-wife's interest in the property in 1983 and moved back to that location in 1984.

In 1983, Branham installed a cattle guard and gate across the disputed road where it entered the south boundary of his 40 acres. In November 1987, Branham purchased the 40 acres south of his original 40 acres. He then moved the gate further south and closer to the intersection of the disputed roadway and AA Highway.

According to Branham, he gave Stewart a key after installing the gate and cattle guard in 1983. He also gave keys to various landowners (including Coffey) who owned property north of the disputed road. Apparently, Branham gave keys to a sales agent for one of the landowners and to the personal representative and attorney for the Boyer estate.

Prior to 1985 Young became a co-owner of the 80–acre tract with Branham. During that year an action was commenced by the personal representative of the Boyer estate to obtain an easement of necessity over that part of the road continuing north from the north terminus of the disputed road. Appellants were both defendants in that suit in which the plaintiff was successful. During some of the proceedings in the 1985 suit, Branham agreed that the disputed road was an "existing public road." Only by the use of this easement and the disputed road are Respondents afforded access to their 160 acres which Coffey bought from the Boyer estate.

In 1987, Branham threatened to sue the county if "they didn't come out and maintain the road." Branham testified that he felt that the county had an obligation to maintain

the road or deed it back to him. On November 12, 1987, the Stone County commissioners gave Appellants a quitclaim deed to the disputed road.

Stewart testified that he had used the road for the last ten years except for the three months prior to trial (the case was tried November 29, 1993), and that he had been familiar with the road for as long as he could remember. Stewart testified that the county graded the road until 1985 or 1986 when Branham installed the cattle guard and the graders would not cross it. According to Stewart none of the landowners were ever denied access to the road regardless of the locked gates installed by Branham.

Coffey testified that he bought the 160–acre tract from the Boyer estate in 1990 and used the disputed road extensively to haul logs from his property. When he bought the property, there was a locked gate at AA Highway.

One of the current Stone County commissioners testified that the road was quitclaimed in error to Appellants because no county records indicate that a petition was ever filed to vacate the road. At his request, the Stone County assistant prosecuting attorney notified the parties that the road was public and that Appellants had no right to deny anyone access.

Respondents requested the court to set aside the quitclaim deed to Appellants for failure of the county to comply with § 228.110 [3] and to declare that the road is a public road. (Section 228.110 sets forth specific procedures to be followed before the county commission can vacate a public road.) The trial court granted this relief after making extensive findings of fact and conclusions of law.

The trial court concluded that (1) the road in question was created as a public road in 1974, (2) public use of the road and expenditure of public money or labor continued for 10 years or more which was sufficient to establish the road as a public road by virtue

3.  Statutory references are to RSMo 1986 unless    otherwise indicated.

of § 228.190, and (3) the road remains a public road because the evidence fails to show non-use by the public for .five years continuously.

Appellants' first three points relied on allege that the evidence was insufficient to show that the disputed road was established as a public road under the requirements of § 228.190. Appellants argue that since § 228.190 is the applicable statute to this case, the trial court's decision was based on that portion of the statute which reads:

> [A]ll roads that have been used as such by the public for ten years continuously, and upon which there shall have been expended public money or labor for such period, shall be deemed legally established roads....

■ Our review of this court-tried case is governed by Rule 73.01(c) and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court shall be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. The appellate court gives due regard to the trial court's determination on the credibility of witnesses. Rule 73.01(c)(2). The trial judge is in a better position than this court to determine the credibility of the parties, their sincerity, character and other trial intangibles which may not be shown by the record. *In re Marriage of Chilton*, 576 S.W.2d 584, 585 (Mo.App.1979). The trial court can believe none, part, or. all of the testimony of any witness. *Herbert v. Harl*, 757 S.W.2d 585, 587 (Mo. banc 1988).

■ In determining the sufficiency of the evidence, this court accepts as true the evidence and inferences from it favorable to the trial court's judgment and disregards contrary evidence. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989). Any fact issue on which no finding was made is considered to have been found in accordance with the judgment. *Id.*

■ Furthermore, on review of this case, our concern is whether the trial court reached the proper result, not the route taken to reach that result. A correct decision will not be disturbed on appeal merely because the trial court gave a wrong or insufficient reason. *Phillips v. Hoke Constr., Inc.*, 834 S.W.2d 785, 789 (Mo.App.1992).

■ Respondents argue that the evidence was sufficient to show that the disputed road was established as a public road by common law dedication. If Respondents are correct, we must affirm the judgment even though the trial court based its decision on § 228.190.

■ A public road, except state roads, may be established in three ways: (1) under the provisions of Chapter 228, RSMo, (2) by prescription, or (3) by implied or common law dedication. *Atwell v. Jack Henry & Assoc.*, 748 S.W.2d 929, 934 (Mo.App.1988). "It has long been held that to establish a common law dedication it must be shown: (1) That the owner, by his unequivocal action, intended to dedicate to public use; (2) that the land so dedicated must be accepted by the public; and (3) the land so dedicated must be used by the public." *Wendy's of Mid–Missouri, Inc. v. West*, 606 S.W.2d 215, 217 (Mo.App. 1980).

In *Wendy's*, the appellate court determined that the evidence was sufficient to establish common law dedication of Blair Drive, a street in Jefferson City, Missouri. The owners' intent to dedicate to public use was shown by the filing of a plat showing Blair Drive as a 30–foot–wide street at its intersection with Missouri Boulevard. *Id.* at 216. Acceptance by the public was shown by evidence that city employees performed maintenance on the street such as snow plowing, cindering, weed cutting, grass mowing, and sweeping. *Id.* Public use of the street was shown by evidence that the street was traveled continuously by members of the public and by the neighboring property owners' use of the street on a regular and continuing basis. *Id.*

Based on *Wendy's*, the evidence in the instant case supports a determination that

the road in question is a public road established by common law dedication. First, the recitals in the 1974 deed manifest the owner's intent to dedicate the road to public use. *See City of St. Charles v. De Sherlia,* 308 S.W.2d 456, 465 (Mo.App.1957) (recitals in deed and plat attached sufficient to find intent to dedicate). According to Branham, he insisted on insertion of the language in the deed which required Stone County to maintain the road. Therefore, the deed recital is consistent with an intent to create a public road to be maintained by the county when the grantors at least inferably knew that the county would not maintain a private road. Second, the grading and maintenance of the road by Stone County employees is sufficient to show acceptance by the public. Without question the road was county maintained from 1974 to 1982, with some evidence that the maintenance continued as late as 1985 or 1986. Third, public use of the road was shown by evidence of regular use of the road by neighboring property owners and their representatives and by the school bus traveling the road for several years. In addition, Young testified that "a lot of people go hunting back there. They go at night, and they shoot cattle and just make a pretty good nuisance back there." For that reason, Young objected to removal of the gate. Inferably, the hunting public used the road at least prior to installation of the gate.

■ Having determined that the road was created by common law dedication, we now turn to Appellants' remaining point which alleges:

Even assuming that the subject road was a public road at one time, the road is no longer a public road since there has been non-use of the road by the public for a continuous period of five years.

This point fails to comply with Rule 84.04(d) which reads, in pertinent part:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous....

The leading case of *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978), discussed the purpose of the rule and the necessity of obeying it. The court said:

[C]ompliance with these requirements is a matter of common sense if counsel bear in mind the informational purpose of the brief. After stating the ruling the trial court actually made, it stands to reason that the point should then specify *why* the ruling was erroneous. This requirement essentially contemplates a statement which ordinarily will closely approximate what appellant believes should have been the trial court's conclusion of law on the point being addressed. After stating why the ruling was erroneous, the court then must be informed *wherein* the testimony or evidence gives rise to the ruling for which appellant contends.

*Id.* at 685.

■ Obviously, Appellants' point fails to state what actions or rulings of the trial court are sought to be reviewed. Furthermore, the point provides no clue wherein the testimony or evidence gives rise to the ruling for which Appellants contend. These requirements are mandatory. *Grimes v. Bagwell,* 837 S.W.2d 554, 557 (Mo.App.1992). Points on appeal that do not comply with Rule 84.04 present nothing for review. *In Interest of J.L.C.,* 844 S.W.2d 123, 126 (Mo.App.1992).

■ Our gratuitous review for plain error under Rule 84.13(c) reveals no manifest injustice or miscarriage of justice. Appellants' argument under Point IV is based on the provision of § 228.190, which provides that "nonuse by the public for five years continuously of any public road shall be deemed an abandonment and vacation of the same." Appellants say the gates were erected across the roadway no later than 1987 and remained there until suit was filed in 1993. Accordingly, Appellants contend that the road was abandoned because there was nonuse by the public for more than five years.

This argument ignores the fact that the evidence clearly shows the road was created

by common law dedication. The nonuser provision of § 228.190 does not apply to a road created in this manner.

It is true, as suggested by the commission, that the nonuser provision of § 228.190 was not intended to apply to title of lands voluntarily conveyed in trust to be used for the purpose of establishing streets thereon as they shall be needed and that lands so dedicated in perpetual trust and platted for such purposes can only be abandoned by an act as deliberate as that by which they were acquired, that is, by proceeding under § 228.110, *Robinson v. Korns,* 250 Mo. 663, 157 S.W. 790; *Bobb v. City of St. Louis,* 276 Mo. 59, 205 S.W. 713; *Winschel v. County of St. Louis,* Mo.Sup., 352 S.W.2d 652, . . . .

*State of Missouri ex rel. State Highway Comm'n v. Herman,* 405 S.W.2d 904, 908 (Mo.1966).

These cases stand for the principle that the nonuser provision of § 228.190 does not apply when, such as here, lands are voluntarily conveyed to a county to be used for a road for public purposes. However, Appellants are not precluded from attempting to vacate the road under § 228.110.

The judgment is affirmed.

SHRUM, C.J., and FLANIGAN, J., concur.