B. Leon KLEEMAN and Glenda
Kleeman, Plaintiffs–
Respondents,

v.

Kiman J. KINGSLEY and Betty Darlene
Kingsley, Kaleb M. Kingsley and Cin-
dy Kingsley, Kaland W. Kingsley and
Karen K. Kingsley, Kevin Kingsley,
Gary Don Duvall, Frances Dee Duvall,
Violet Ragan, and Louis Kleeman and
Clea Kleeman, Defendants–Appel-
lants.

No. 24527.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 4, 2002.

Richard L. Schnake, Neale & Newman, L.L.P., Springfield, Andrew J. Hager, Jr., Mt. Vernon, for appellants.

Randy J. Reichard, Lowther Johnson, LLC, Springfield, for respondents.

JOHN E. PARRISH, Judge.

Kiman J. Kingsley and Betty Darlene Kingsley, Kaleb M. Kingsley and Cindy Kingsley, Kaland W. Kingsley and Karen K. Kingsley, Kevin Kingsley, Gary Don Duvall, Frances Dee Duvall, Violet Ragan, and Louis Kleeman and Clea Kleeman (collectively referred to as "defendants") appeal a judgment that enjoins them from entering onto certain real estate and taking action on that real estate that would facilitate its use as a road. Defendants assert the trial court erred in declaring that the tract of real estate in question was not a public road and in denying a counter-petition they filed that sought to enjoin B. Leon Kleeman and Glenda Kleeman (plaintiffs) from obstructing defendants' use of the disputed tract of real estate as a road.

This court reverses and remands for new trial.

Plaintiffs own certain real estate in Lawrence County, Missouri. Plaintiffs' land includes a disputed tract defendants claim to be a public road. The disputed tract varies in width from 39 feet at its northernmost end to 26 feet "farther South on the tract." The northernmost end of the tract abuts a road designated "County Road 2010."

■ This case was tried without a jury. Appellate review is, therefore, undertaken pursuant to Rule 84.13(d). The judgment will be affirmed unless there is no evidence to support it, the judgment is against the weight of the evidence, or the judgment erroneously declares or applies the law. *Coale v. Hilles,* 976 S.W.2d 61, 63 (Mo.App.1998). Fact issues on which no specific findings are made shall be considered as having been found in accordance with the result reached. *Id.;* Rule 73.01(c).

■ A judgment will be affirmed if it is correct under any reasonable theory supported by the evidence. *Phillips v. Hoke Const., Inc.,* 834 S.W.2d 785, 789 (Mo.App.1992). A judgment will be reversed, however, if it is based on an erroneous application of law. *Connor v. Bruce,* 983 S.W.2d 625, 628 (Mo.App.1999).

■ Defendants contended at trial that the disputed tract was a public road by reason of implied or common law dedication.[1] A common law dedication requires proof that (1) the owner, by unequivocal action, intended to dedicate the land to public use;[2] (2) the land so dedi-

---

1. A public road, except state roads, may be established in three ways: "(1) under the provisions of Chapter 228, RSMo, (2) by prescription, or (3) by implied or common law dedication." *Coffey v. State ex rel. County of Stone,* 893 S.W.2d 843, 846 (Mo.App.1995). *See also, Chapman v. Lavy,* 20 S.W.3d 610, 613 (Mo.App.2000).

2. "When there is no actual intention, it is possible that an owner's actions may never-

cated was accepted by the public; and (3) the dedicated land is used by the public. *Whittom v. Alexander–Richardson Partnership*, 851 S.W.2d 504, 507–08 (Mo. banc 1993).

The trial court set out findings of fact and conclusions of law in its judgment, including:

> This court cannot conclude from the evidence that there was a convincing and unequivocal dedication of the tract to the public. The tract was principally used for the benefit of the adjoining landowners and the use of their respective lands.

> A second concurrent element of common law dedication is that the public by its act clearly take and accept the dedication and use the tract for public purpose for such a length of time as to show public acceptance of the offer implied by the act or acts of the dedicating landowners.

> Many years previously the tract may have been used occasionally by the public although the evidence is not conclusive. Occasional use of the tract by hunters or other parties, as the evidence in this case indicates, is not such use as indicates the public clearly intended to take the tract as a public road. The landowners adjoining the tract in question may have cooperated in the use of the tract for their individual farming convenience and purposes. The evidence disclosed that on some occasions an adjoining landowner would ask permission to improve the road to his property as in the case of Defendant Louis Kleeman. Other landowners would discuss the placing of gates, closing of cat-

tle panels and travel along the tract. This evidence does not convince this court that the tract was used and accepted by the public at large.

Defendants present one point on appeal. They contend the trial court erred in three respects in determining the disputed tract was never established as a public road and in denying their petition to enjoin plaintiffs from obstructing the disputed tract to prevent their use of it as a road. Defendants first contend the trial court erroneously applied the law in concluding the disputed tract was not used by the public as a road but "was principally used for the benefit of the adjoining landowners and the use of their respective lands." Defendants argue "the adjoining landowners and those who visit their property *are* the public, and there was no objection to either the use of the road or the public maintenance of it."

Defendants' second contention is that the trial court erroneously declared the law in concluding the public had not accepted the disputed tract as a road and that the judgment was against the weight of the evidence in that there was public maintenance of the road; that public maintenance constitutes public acceptance. Their third assertion is that the trial court finding that there had not been public acceptance of the disputed tract as a road was against the weight of the evidence in that the trial court found the road had been used by hunters and others; that this was use by the public and constituted public acceptance.

■ The trial court inexplicably distinguished between the "public" and "adjoining landowners" for purposes of ascertain-

theless evince an intention to dedicate. [*Connell v. Jersey Realty & Investment Co.*, 352 Mo. 1122, 180 S.W.2d 49, 52 (1944)]. In such circumstances, because dedication is a theory premised on estoppel rather than on an affirmative grant, the owner can be precluded from resuming rights over the property if the public acts upon the owner's manifestations. *Id.* at 52–53." *Whittom v. Alexander-Richardson Partnership*, 851 S.W.2d 504, 508 (Mo. banc 1993).

ing whether the elements of a common law or implied dedication of the disputed tract had occurred. It found adjoining landowners had used the disputed tract and, occasionally, hunters and "other parties." It did not equate that use with use by the public. Defendants correctly point out in their argument to this court that adjoining landowners and others who occasionally visit the adjoining landowners property are "the public." *See, e.g., Coffey v. State ex rel. County of Stone,* 893 S.W.2d 843, 847 (Mo.App.1995). (Public use "was shown by evidence of regular use of the road by neighboring property owners and their representatives"; by testimony that "a lot of people go hunting back there.")

There was testimony by Verne Duvall that he had lived in the area where the disputed tract is located all his life. Mr. Duvall was 88 years old. He had grandparents and an uncle who had lived in the area during the 1920s and 1930s. He told the trial court his family and others used the disputed tract as a road. The road was used both by horses and buggies and by automobiles. He said a county road district maintained the tract using horses to "drag" the road and, later, using motorized equipment. According to Mr. Duvall, the road deteriorated in the 1940s after residents of the area moved away; however, the road continued to be used. He said the road deteriorated further in the 1950s, but the county continued to maintain part of it.

Mr. Duvall told the trial court he had always traveled the road for a half mile from the north; that he still traveled it. He recalled a conversation with plaintiff Leon Kleeman about putting a barricade across the road to keep cattle from going off Mr. Kleeman's property. Mr. Duvall said, "I told him that I wouldn't object to doing whatever he needed to, to maintain—to take care of his cattle, but I didn't want the road closed." Mr. Kleeman had not indicated that he wanted the barricade to be permanent.

Defendants Cindy Kingsley, Kaleb Kingsley, Darlene Kingsley and Kiman Kingsley told of using the disputed area as a road in the 1970s, 1980s and 1990s. Kaleb and Cindy Kingsley drove over the area in a "lime truck, ten-wheeler," in a pickup truck, and on a motorcycle during the 1990s. Cindy Kingsley and her grandmother used the road in the 1970s to travel to pick berries and walnuts. Kaleb and Kiman Kingsley and their father used it in the 1970s and 1980s. They went up and down the road in connection with their farming on real estate that lies south of the part of plaintiffs' land that is east of the disputed tract. In the 1990s, Kaleb Kingsley used it to go to and from property he previously farmed to brush hog once a year.

Charles Gulick lived on property in the area from about 1955 to 1965. He used the road. In the 1990s he used it to go hunting. He knew of other hunters who used it in the 1990s.

Terry Reynolds told the trial court he used the road to hunt in the 1990s. He said the last time he went "all the way through" was probably 1992 or 1993. He used it as a "parking road" in 1969 and 1970 when he was in school. Other teens used it then as well.

Lloyd Thomas was a mail carrier from 1959 to 1979. He used the north end of the road beginning in the 1960s to deliver mail. Tom Leeper drove through the area between a road on the north and one on the south that the disputed tract connected with prior to 1985. Mr. Leeper walked the road around 1985. He said he could tell people had been through or had attempted to drive through.

Two special road district commissioners, Dale Garner and Jack West, told of maintenance the road district performed at the north end of the disputed tract. They also said the road district had done maintenance south of the disputed track on an area that connected the disputed tract with an intersecting public road, "Road 2022." A road district employee, Lloyd Chilcutt, testified the road district graded and pushed snow off the north end of the tract; that the road district had removed brush, graded and put base rock or lateral rock in mud holes at the south end near the house of defendants Louis Kleeman and Clea Kleeman.

The trial court erroneously declared and applied the law regarding the identity of "the public" in findings and conclusions on which it relied in entering judgment for plaintiffs. In finding there was no convincing and unequivocal dedication of the disputed tract to the public, the trial court concluded that because the principal use of the disputed tract was by adjoining landowners and others "for the benefit of the adjoining landowners," there was no showing that the disputed tract was used by the public. This assessment is contrary to existing law.

A public road is one used by inhabitants of a particular place. *South Highland Land & Improvement Co. v. Kansas City*, 172 Mo. 523, 72 S.W. 944, 947 (1903). The character of a road, as to whether public or private, is determined by the extent of the right to use it, not by the extent to which that right is exercised or the quantity of travel over it. *Connell v. Baker*, 458 S.W.2d 573, 577 (Mo.App. 1970). The trial court erred in not considering use by adjoining landowners, or others whose use was to primarily benefit those adjoining landowners, to be use by the public. The trial court erroneously applied the law in this respect. *See Con-*

*nell v. Jersey Realty & Investment Co.*, 352 Mo. 1122, 180 S.W.2d 49 (1944). The judgment must be reversed. A new trial is required so that evidence adduced may be evaluated based on a correct application and declaration of law to determine whether a public road was established by reason of implied or common law dedication.

Defendants' second contention is that the trial court erroneously declared the law by determining the public had not accepted the disputed tract as a road, and that the judgment that the disputed road was not a public road is against the weight of the evidence because there was evidence of public maintenance of the road; that public maintenance constitutes public acceptance. Defendants rely on *Johnson v. Ferguson*, 329 Mo. 363, 44 S.W.2d 650, 653 (1931), (acceptance by public can be accomplished by public work on a roadway); *Coffey v. State ex rel. County of Stone*, *supra*, (grading and maintenance by county employees sufficient to show acceptance by public); and *Wendy's of Mid Missouri, Inc. v. West*, 606 S.W.2d 215, 217–18 (Mo. App.1980), (public acceptance shown by work done on road by public employees and funds).

There was evidence that the disputed tract had been maintained by a public road district. The trial court did not enter a finding with respect to that evidence. The trial court is, therefore, considered to have found in accordance with the result reached. Rule 73.01(c). Having found the disputed tract not to be a public road, this court considers the trial court to have found either that the evidence of public maintenance was not believable or that public maintenance is not sufficient to establish acceptance of an area as a road by the public. In the event there is evidence of public maintenance upon retrial, the trial court should evaluate that evidence

consistent with the authorities cited herein.

Defendants' third contention also goes to acceptance by the public. Defendants restate issues previously addressed, viz., that the trial court finding that there had not been public acceptance was against the weight of the evidence in that the road had been used by hunters and others; that this constituted public acceptance. Defendants assert the trial court erroneously declared the law by holding otherwise. On retrial, the trial court should evaluate the evidence of all uses made by the public in determining if there was an implied on common law dedication of the disputed tract as a public road.

This case requires a new trial. In that regard, this court notes that nothing in the record reveals a meaningful legal description of the disputed tract. In the event judgment would be rendered following remand that establishes rights to use the disputed tract or any part thereof by persons other than the record owners of that real estate, the judgment should include a sufficient description of the location of the property affected thereby that would enable the judgment to be enforced. Absent a meaningful description in a case that establishes a right to go onto real estate, parties have no means of identifying where they may go or where they may not go. *See, e.g., Pauls v. County Com'n of Wayne County,* 26 S.W.3d 597, 599–600 (Mo.App. 2000).

The judgment is reversed. The case is remanded for new trial consistent with this opinion.

RAHMEYER, C.J., and ANDERSON, SR.J., concur.