**STATE of Missouri, Respondent,**

v.

**Pat SKELTON, Appellant.**

**No. 28454.**

Missouri Court of Appeals,
Southern District.

April 7, 2008.

---

**6.** In its brief, the State suggests that Appellant's counsel and Ms. Massengill had prior discussions.

Lynn N. Bock, New Madrid, Attorney for Appellant.

Stephen P. Sokoloff, Kennett, Attorney for Respondent.

DANIEL E. SCOTT, Judge.

Pat Skelton ("defendant") appeals his bench-trial misdemeanor conviction of violating § 229.150,[1] which prohibits the willful or knowing obstruction of "any public road ... by fencing across or upon the right-of-way of the same...." Defendant admits he fenced across and obstructed the St. Francis Levee Road. The issue is whether that is a "public road."

 Public roads may be established in three ways: (1) under § 228.190, (2) by prescription, or (3) by implied or common law dedication. *Chapman v. Lavy*, 20 S.W.3d 610, 613 (Mo.App.2000). Under § 228.190, "all roads that have been used as such by the public for ten years continuously, and upon which there shall have been expended public money or labor for such period, shall be deemed legally estab-

---

1. Statutory citations are to RSMo (2006 Supp.), unless otherwise indicated.

lished roads." Defendant concedes the uncontroverted evidence of such public user and public expenditures, but for two reasons still denies a "public road" is involved.

■ Point I posits that § 228.190 "sets forth the requirements to establish a public road by prescription." Defendant notes the public expenditures on the road were by Independence Township, but claims the road sits atop land owned by a different public entity (a county drainage district), and argues that public bodies are protected from adverse possession by § 516.090.[2] However, § 516.090's purpose is to avoid the loss of public lands by barring natural or corporate persons from claiming them by adverse possession. *Basye v. Fayette R–III Sch. Dist. Bd. of Educ.*, 150 S.W.3d 111, 116 (Mo.App.2004). That is not the situation here. Further, it is unclear if or how § 516.090 relates to public roads created under § 228.190, especially since *Chapman* and other cases[3] describe § 228.190 and prescription—contrary to Point I—as *different* ways to establish public roads. Finally, no matter which public body/bodies did, does, do, or should own this road, it meets § 228.190's requirements, and § 229.150 prohibits obstructing *"any* public road" (our emphasis), not those owned or maintained by particular public bodies.

■ Point II claims federal preemption. This road runs atop the St. Francis Levee, which the Army Corps of Engineers built and still federally regulates. Defendant contends that federal supremacy precludes a prescriptive taking of federal property. We are not convinced that defendant proved federal ownership, which also

seems to conflict with his Point I claim of ownership by a county drainage district.

Defendant also suggests § 228.190 is federally preempted here. By analogy to and consistent with this court's reasoning in *Empire District Electric Co. v. Gaar*, 26 S.W.3d 370, 373–75 (Mo.App.2000), we cannot conclude that the degree of federal "levee regulation" shown by this record preempted the trial court from considering § 228.190 to decide whether this case involved a "public road." *See also City of Belton v. Smoky Hill Ry. & Historical Soc., Inc.*, 170 S.W.3d 429, 433–35 (Mo. App.2005).

We affirm the judgment and conviction.

PARRISH, P.J., and BATES, J., Concurs.

---

**2.** Section 516.090 provides, *inter alia,* that "[n]othing contained in any statute of limitation shall extend to any lands given, granted, sequestered or appropriated to any public, pious, or charitable use, or to any lands belonging to this state."

**3.** *See, e.g., Karashin v. Haggard Hauling & Rigging, Inc.*, 653 S.W.2d 203, 205 (Mo. banc 1983); *Kleeman v. Kingsley*, 88 S.W.3d 521, 522 n. 1 (Mo.App.2002); *Coffey v. State ex rel. County of Stone*, 893 S.W.2d 843, 846 (Mo. App.1995).