**Lynn Kay McCULLOUGH and Shirley Ann McCullough, his wife, Respondents,**

v.

**Nadine DOSS and Howard Allen, Appellants.**

### No. SC 90673.

Supreme Court of Missouri, En Banc.

July 16, 2010.

Rehearing and Modification Denied Aug. 31, 2010.

---

Donald L. Cupps, Ellis, Cupps and Cole, Cassville, Cordelia F. Herrin, Melton & Herrin PC, Cassville, for Appellants.

Richard L. Schnake, Neale & Newman LLP, Springfield, for Respondents.

RICHARD B. TEITELMAN, Judge.

Lynn Kay and Shirley Ann McCullough (Plaintiffs) filed suit against Nadine Doss and Howard Allen (Defendants) to quiet title to a disputed parcel of land referred to as "Tract A." At trial, Plaintiffs claimed title to Tract A by deed and adverse possession, while Defendants asserted that Tract A was a public roadway. The trial court entered a judgment that quieted title in favor of Plaintiffs. The judgment is affirmed.

### FACTS

In 1954 and 1955, the Missouri highway department constructed Missouri state Highway 39. The new highway followed a

public road that ran between Plaintiffs' property and Defendants' property. Near the north end of the two properties, the new highway left the route of the existing public road and curved eastward through Plaintiffs' property. This route left a portion of the public road intact as a border between Plaintiffs' land and Defendants' land. This portion of the public road, Tract A, is the disputed property in this case. At trial, the parties agreed that Tract A was originally a public road. Plaintiffs claimed part of Tract A, up to the center of the former road, by the prior deed and the rest of Tract A by adverse possession. Defendants maintained that Tract A remains a public road. The court quieted title to Plaintiffs with no findings of fact requested or given. Defendants appeal.

### ANALYSIS

#### I. *Standard of Review*

This case was tried without a jury. Consequently, the judgment will be affirmed unless there is no evidence to support it, the judgment is against the weight of the evidence, or the judgment erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Factual issues on which no specific findings are made shall be considered as having been found in accordance with the result reached. Rule 73.01(c).

#### II. *Section 228.190.1*

At trial, Plaintiffs asserted that the public road traversing Tract A was abandoned pursuant to section 228.190.1, RSMo Cum. Supp. 2007. Section 228.190.1 provides as follows:

> All roads in this state that have been established by any order of the county commission, and have been used as public highways for a period of ten years or more, shall be deemed legally estab-

lished public roads; and all roads that have been used as such by the public for ten years continuously, and upon which there shall have been expended public money or labor for such period, shall be deemed legally established roads; and nonuse by the public for five years continuously of any public road shall be deemed an abandonment and vacation of the same.

Plaintiffs introduced evidence showing that more than five years had passed since the public had used the public road on Tract A. As such, Plaintiffs assert that the trial court properly determined that road was abandoned as provided in section 228.190.1.

Defendants argue that Plaintiffs' claim fails as a matter of law because the nonuse provision of section 228.190.1 is not applicable to land voluntarily conveyed to a county to be used for a road. Because there is no evidence demonstrating how the road traversing Tract A became a public road, it is impossible to determine whether the evidence presented by Plaintiffs was sufficient to determine how the road could be vacated or abandoned. Defendants' argument is premised on a line of cases that holds that the abandonment provision of section 228.190.1 is not applicable to roads built on land that was conveyed voluntarily to a county for road purposes. *See, e.g., Coffey v. State ex rel. County of Stone*, 893 S.W.2d 843, 848 (Mo. App.1995) (holding that the abandonment provision of section 228.190 is inapplicable when property is conveyed voluntarily to a county to be used as a public road); *Kleeman v. Kingsley*, 167 S.W.3d 198, 203 (Mo. App.2005). Therefore, under Defendants' argument, the public road traversing Tract A may have been established via a voluntary conveyance, which would render section 228.190.1 inapplicable. Without evidence of the manner in which the road was

created, Defendants contend there is no way to properly apply section 228.190.1. This argument hinges on the validity of the decisions in *Coffey* and *Kleeman.*

The plain language of the nonuse provision applies to "any public road." This Court's precedent consistently has applied the plain language of section 228.190.1 and never has required proof of the manner in which the public road was established. In *Johnson v. Rasmus,* 237 Mo. 586, 141 S.W. 590, 591 (1911), this Court interpreted a predecessor to section 228.190.1, which provided that "[a]nd non-user by the public for a period of ten years continuously of any public road shall be deemed abandonment of the same." This Court held that the nonuse provision "is applicable to any public road; hence, there is no reason why it should be construed as having been intended to apply only to roads which the public acquired through imperfect proceedings in the county court." *Id.* at 591. The court further noted that "the statute, by clear and positive terms, is made applicable to any highway or public road, however acquired." *Id.*

In *State ex rel. Highway Commission v. Herman,* 405 S.W.2d 904 (Mo.1966), this Court limited *Johnson* by noting that the nonuse provision of section 228.190 does not apply to property "voluntarily conveyed in trust to be used for the purpose of establishing streets thereon as they shall be needed and that lands so dedicated in perpetual trust and platted for such purposes can only be abandoned by an act as deliberate as that by which they were acquired, that is, by proceeding under § 228.110 . . . ." *Id.* at 908. The *Herman* court cited *Robinson v. Korns,* 250 Mo. 663, 157 S.W. 790 (1913); *Bobb v. City of St. Louis,* 276 Mo. 59, 205 S.W. 713 (1918); and *Winschel v. County of St. Louis,* 352 S.W.2d 652 (Mo.1961), as examples of the proper limitation of the section 228.190.1

nonuse provision. In each of these three cases, this Court held that the nonuse provision did not apply to property conveyed for road purposes but on which the roads had not yet been built. In other words, *Herman,* through reliance on *Robinson, Bobb* and *Winschel,* recognizes the self-evident proposition that the public cannot abandon a public road that never was built or otherwise established. The party asserting abandonment of an existing public road only needs to prove what section 228.190.1 provides; namely, "nonuse by the public for five years continuously . . . ." The decisions in *Coffey* and *Kleeman* misinterpret the nonuse provision of section 228.190.1 and, on that point, no longer should be followed. The trial court did not err in applying the nonuse provision of section 228.190.1 in the absence of evidence demonstrating the method used to establish the public road on Tract A.

█ Defendants also argue the nonuse provision is inapplicable because section 228.190.2 provides that "from and after January 1, 1990," roads for which a county received county aid road trust (CART) funds may not be abandoned except through formal abandonment proceedings. A prerequisite to the application of section 228.190.2 is that the alleged abandonment must have occurred after 1990. Therefore, even if the county received CART funds for the road on Tract A, the road still could be abandoned as long as the abandonment occurred before 1990. The flaw in Defendants' argument is that Plaintiffs' evidence demonstrated that the road was abandoned prior to 1990.

Plaintiff Lynn McCullough bought the land in 1955 after Highway 39 was completed. McCullough testified that the public stopped using Tract A when the highway was completed. McCullough further testified that since 1955, he had used Tract A to store farm equipment, used the land

as if it were his own, and that he knew of no one other than himself and his family who had used Tract A within the last 40 years. Likewise, McCullough's adult son, Darron, testified that his family stored equipment on Tract A for as long he could remember and that Defendants did not use the disputed property. The trial court is free to believe or disbelieve all or part of Plaintiffs' evidence. *Watson v. Mense*, 298 S.W.3d 521, 525 (Mo. banc 2009). Plaintiffs' evidence established that the public road on Tract A was abandoned before 1990. As such, even if the county received CART funds for the road on Tract A, section 228.190.2 is inapplicable because the road was abandoned before 1990.

### III. *Sufficiency of the Evidence*

■ In their second and third points on appeal, Defendants assert Plaintiffs failed to introduce sufficient evidence of nonuse. As discussed above, there was substantial evidence supporting the trial court's judgment. The trial court was free to credit Lynn and Darren McCullough's testimony that Plaintiffs had used Tract A as their own and that no one else, including Defendants, had used the road on Tract A in the last 40 years.

■ Defendants argue that the foregoing evidence is insufficient because the public's nonuse of Tract A was a result of Plaintiffs' efforts to obstruct public access. Obstruction of a public road is unlawful. *Kleeman*, 167 S.W.3d at 205. Nonetheless, the baseline for analyzing an abandonment claim under section 228.190.1 is whether the public continued to use the road. *Id.* Assuming for the sake of argument that Plaintiffs did obstruct public access to the road unlawfully, the focus is on the Defendants' behavior and that of the public at large in determining whether the disputed area was abandoned. *Id.; see also, Lee v. Smith*, 484 S.W.2d 38, 44

(Mo.App.1972)(while "encroachment upon or obstruction of a public highway is an unlawful act ... evidence that access to a public road has been entirely blocked and cut off for ten years and that the encroachment has been submitted to by the public may be taken as evidence that the road has been abandoned.")(citing 39 C.J.S. Highways § 133, p. 1040). In this case, if Defendants or other members of the public had sought to access Tract A and were denied by Plaintiffs, then Plaintiffs' efforts to obstruct access would be relevant. *Kleeman*, 167 S.W.3d at 206. The evidence, however, shows that Plaintiffs prevented neither Defendants nor any members of the public from accessing Tract A. As a result, there was substantial evidence demonstrating that the public abandoned Tract A.

Finally, Defendants assert the road on Tract A could not have been abandoned because Plaintiffs are members of the public and Plaintiffs admit they used the road. Plaintiffs' use of the road on Tract A, however, does not constitute use by the public for purposes of analyzing an abandonment claim under section 228.190.1. *Kleeman*, 167 S.W.3d at 205 (public road held to be abandoned even though plaintiffs used the disputed land for their cattle operations). The trial court's judgment is not against the weight of the evidence.

The judgment is affirmed.

All concur.