STATE   ex rel. JOSHUA BARBEE, Respondent, v. GEORGE BUSSE et al., Appellants.

**Kansas City Court of Appeals, February 13, 1911.**

1. **ROADS AND HIGHWAYS: Nuisance: Injunction.** Where a road is sufficiently located, and the evidence is overwhelming that it was dedicated to public use by the owners of the land, and accepted by the public as such, and has been in continuous use as such up to the time it was obstructed by the defendants by fences which closed the road, a judgment abating the nuisance, and enjoining the defendants from further maintaining the fences, is proper.

2. ———: **Statutes.** Section 9694, R. S. 1899, refers to roads that have been opened by order of the county court, in which there were irregularities in the proceedings, and where there had been non-user for ten consecutive years, and has no bearing where it is sufficiently shown that labor was expended on the road in question.

3. ———: ———: Section 9472, R. S. 1899, refers in part to roads established solely by dedication or public user, and has no bearing where it is sufficiently shown that labor had been expended on the road in question, coupled with the further fact that this section was first enacted in 1887, at which time the road in question had been in use by the public previously for ten consecutive years.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

*A. F. Rector* and *D. D. Duggins* for appellants.

*Joshua Barbee* and *Robert M. Reynolds* for respondent.

BROADDUS, P. J.—This is an injunction suit by the state at the relation of the prosecuting attorney of Saline county, to abate a nuisance upon a public road

and to restrain defendants from maintaining the same.

The road is described as follows: Beginning at the center of section 22, township 5, range 19, in said county, running thence west along the center line east and west of said section a distance of one-fourth of a mile, more or less, to the northeast corner of the northwest corner of the southwest quarter of said section 22, thence along the east side of the said northwest quarter of the southwest quarter of said section, thence in a direct line west along the south side of said tract of 27 acres, and along the south side of said north 27 acres, more or less, of the northeast quarter of the southeast quarter of section 21, township 50, range 19, to the intersection of another public road running north and south through said section 21 at the southwest corner of said northeast quarter of said southeast quarter.

The road was not laid out by the authority of the county court, but it is the contention of the state that it was dedicated as a public road by the owners of the land.

It appears from the evidence that in about the year 1870, the Thornton family who owned the land through which the road is located threw it open for the use of the public. In 1873 or 1874 its location was changed by the owners and a fence built by them on each side leaving a space for travel thirty feet in width.

The testimony of a number of witnesses, some of whom were the descendants of the Thorntons who fenced this space, was that, the road was used as such continuously from that time on without interruption, until the 28th day of April, 1908, when it was closed up by the defendants. During the early years after it was so opened, it was worked by the road overseers, but has not been since the adjoining land came into the possession of the defendants, although some work was done on it by private individuals in about 1880. There is some evidence that defendants at some time after they became the owners and took possession of the adjoining

lands, on each side, erected gates at both ends of the road, but that the public continued to use it for travel. In the course of time the fences decayed in most places, but there was still enough of them left to indicate where the original space of thirty feet in width was left for the road.

In 1892 the defendants petitioned the county court to vacate it, but for some reason or other the petition was not granted.

The evidence of defendants tends to show that after they moved upon the surrounding lands the traveled space narrowed down to such an extent that it did not conveniently admit of the passage of teams. But all of the testimony, including that of defendants, showed' that the road was used for travel more or less by the public up to the day on which defendants closed it. '

The court rendered judgment abating the nuisance and enjoined defendants from the further maintaining of the fences which obstructed the passage on said road. The defendants appealed.

The contention of the appellants is that; the facts do not show a dedication of the road to public use. They rely to sustain their position upon the holding in Vossen v. Dantel, 116 Mo. l. c. 384, but as the facts there showed, that the proprietor opened out the way over his own unenclosed timber lands for his own convenience, the court held it was not a dedication for public use. The case has no bearing on the question here. Other cases cited by appellants are equally inapplicable.

The appellants invoke the protection of section 9694, Revised Statutes 1899, but said section refers to roads that have been opened by order of the county court, in which there were irregularities in the proceedings and where there had been non-user for ten consecutive years. And section 9472 refers in part to roads established solely by dedication or public user, which provides that: "no lapse of time shall divest the owner of his title to his land, unless, in addition to the use

of the road by the public for the period of ten consecutive years, there shall have been public money or labor expended thereon for such period."

Neither of these sections have any particular bearing on the question as it was sufficiently shown that labor was expended on the road in question. And the latter section would have no bearing on the question as it was first enacted in 1887, at which time the road had been in use by the public previously for ten consecutive years. [Sikes v. Railroad, 127 Mo. App. l. c. 333.]

The road is sufficiently located and the evidence is overwhelming that it was dedicated to public use by the owners of the land, and accepted by the public as such, and has been in continuous use as such up to the time it was obstructed by defendants.

It is further contended that the description in the decree does not correspond to that given in the petition, but we hold that it is substantially the same. Affirmed. All concur.