Adolph A. WINSCHEL and Esther R. Winschel, his wife, and Arthur E. Dame and Hazel E. Dame, his wife, and Wilbur G. Thompson and Wilma D. Thompson, his wife, and Louis F. Miller and Mabel Miller, his wife, Respondents,

v.

COUNTY OF ST. LOUIS, a Political Subdivision of the State of Missouri, Appellant.

No. 48540.

Supreme Court of Missouri,

Division No. 1.

Dec. 11, 1961.

Motion for Rehearing or to Transfer to Court en Banc Denied and Opinion Modified on Court's Own Motion Jan. 8, 1962.

William E. Gallagher, County Counselor of St. Louis County, Clayton, Walter H. Smith, First Asst. County Counselor, Ballwin, for appellants.

Anderson & Edwards, Clayton, for respondents.

COIL, Commissioner.

Respondents (four husbands and their respective wives) owned four homes in St. Louis County, each of which abutted on a strip of land which in 1905 had been dedicated to St. Louis County as a public street but which respondents claimed had been abandoned by nonuser. They sought a judgment declaring that they were the owners respectively of designated portions of the allegedly abandoned street. The case was tried to the court who adjudged that respondents had respective fee simple estates and that St. Louis County had no title or interest in the land.

In the view we take, the dispositive facts are undisputed. The ground was dedicated to St. Louis County for the public use on October 9, 1905, as a portion of Third Avenue, a street in a platted subdivision, then and at trial time in an unincorporated area of St. Louis County. Third Avenue runs east and west. The area in question is 60 feet wide and 270 feet long and is that part of Third which runs between north-south Fleta Street on the east and north-south Genesta on the west. Each owner claims title to a plot of ground 135 feet

long and 30 feet wide. St. Louis County had never spent any money or labor for the construction of Third at the place in question.

The trial court's findings of fact and conclusions of law indicate that its judgment was based upon the finding that Third Avenue had been abandoned by reason of nonuser by the public for at least five years continuously under the provisions of Section 228.190 RSMo 1959 and V.A.M.S. That section (228.190) is: "All roads in this state that have been established by any order of the county court, and have been used as public highways for a period of ten years or more, shall be deemed legally established public roads; and all roads that have been used as such by the public for ten years continuously, and upon which there shall have been expended public money or labor for such period, shall be deemed legally established roads; and nonuser by the public for five years continuously of any public road shall be deemed an abandonment and vacation of the same."

Appellant contends the foregoing statute is not applicable to a street, the title to which had been dedicated in trust to the county for the public use as a street, and that vacation of Third Avenue could be validly accomplished only under the provisions of Section 71.270 RSMo 1959 and V.A.M.S., which provides specifically for the vacation of streets in subdivisions outside the limits of incorporated towns through a procedure there outlined. Respondents contend that Section 228.190 applies to all public highways except city streets.

■ For the reasons which will appear, we are of the opinion that Section 228.190, supra, is inapplicable and that Third Avenue could not be abandoned by nonuser.

The parties have furnished a certified copy of the plat filed in the office of the recorder of deeds in St. Louis County on October 9, 1905, which shows that the proprietors of described land platted a subdivision called Lakewood made up of land in McKenzie's subdivision located in St. Louis County and lying outside the city limits of St. Louis. That plat showed that the boulevards, streets, and avenues, including "Third," were dedicated to the public for its use as such, reserving to dedicator the right to construct, maintain, and operate streetcar and railway lines or to construct or lay gas and water mains. The parties have agreed that there was a valid dedication of Third Avenue on October 9, 1905, and it is apparent that such dedication was accomplished by the filing of the above-mentioned plat pursuant to the provisions of Chapter 142, Sections 8955–8964 RSMo 1899 (Sections 445.010–445.120 RSMo 1959, V.A.M.S.). Those sections provide, among other things, for the filing of a plat by a proprietor who lays out a city, town, or village, or an addition thereto. Section 8959 RSMo 1899 (Section 445.070 RSMo 1959, V.A.M.S.) provides in part: "Such maps or plats of such cities, towns, villages and additions made, acknowledged, certified and recorded, shall be a sufficient conveyance to vest the fee of such parcels of land as are therein named, described or intended for public uses in such city, town or village, when incorporated, in trust and for the uses therein named, expressed or intended, and for no other use or purpose. *If such city, town or village shall not be incorporated, then the fee of such lands conveyed as aforesaid shall be vested in the proper county in like trust, and for the uses and purposes aforesaid, and none other.*" (Our italics.)

In Duenke v. St. Louis County, 358 Mo. 91, 213 S.W.2d 492, 495 [1, 2], the court construed the last sentence quoted above. In the Duenke case, just as in the present case, roads had been marked on a recorded plat of a subdivision of a tract of land outside the limits of a town or city. The court there said that by virtue of the recorded plat the county acquired title to the land within the designated boundaries of the public road for use as such. And in the earlier case of Hayes v. Kansas City,

294 Mo. 655, 242 S.W. 411, the court, in discussing the meaning of the same statutory provision as above noted, there Section 6573 RSMo 1879, said at page 414 of 242 S.W.: "In other words, the statute cited undertook to vest title to the streets in the county when there was no municipal entity to accept."

■ It is apparent, therefore, that by virtue of Section 8959 RSMo 1899 above noted, St. Louis County was vested with a title to the ground marked Third Avenue, in trust, to use as a public street.

In Johnson v. Rasmus, 237 Mo. 586, 141 S.W. 590, the court was construing the "nonuser" statute, for all present purposes the same as Section 228.190, supra (although the nonuser period was then fixed at ten years rather than at five years as at present), and, at 141 S.W. 591, said that the statute applied "to any highway or public road, however acquired" and that the statute was not limited in its application to roads acquired by the public in the particular ways mentioned in the preceding portions of that statute.

In the later case of Robinson v. Korns, 250 Mo. 663, 157 S.W. 790, this court was considering land which had been shown on a town plat as having been dedicated for streets. It was claimed that then Section 10,446 RSMo 1909 (present Section 228.-190) applied. The court held that the nonuser portion had no application and said, with reference to that statute and its application, "Making it as broad as we can by literal interpretation, aided by every possible presumption which may arise from necessity or expediency, it only applies to public roads existing or which have existed, and not to the title of lands voluntarily conveyed in trust to be used for the purpose of establishing streets thereon as they shall be needed. State v. Muir, 136 Mo.App. 118, 117 S.W. 620; State v. Busse, 153 Mo.App. 466, 134 S.W. 680. The statute creating this last class of titles covers the whole ground of their origin and extinguishment, by a symmetrical plan.

If all platted·streets in our cities, towns, and villages which have not yet been opened and improved, although more than ten years has elapsed since the filing of the plats dedicating them, should at once and automatically be extinguished, and the land surrendered to the owners of abutting lots, to be purchased or condemned and paid for before it could be used for the purpose to which it has already been dedicated, the result would be startling. Such an effect ought not to be attributed to the use of a word, perhaps broader than necessary, in connection with a matter entirely disconnected with the subject. Such a rule would impose upon the legislator the duty, in selecting words to express himself about the matter in hand, to ascertain whether there is not something else of which he has never dreamed, but still within the range of legis-.lative power, to which they might also be applied. There is nothing in Johnson v. Rasmus, 237 Mo. 586, 141 S.W. 590, which tends to question our conclusion in this respect. That case was dealing with the very matter to which this statute was designed to apply." 157 S.W. 793.

It is true that the streets involved in the Robinson case were within corporate limits ·and it had been held, before and since the Robinson case, that the nonuser provision of Section 228.190, supra, does not apply to city streets. Laclede-Christy Clay Products Co. v. City of St. Louis, 246 Mo. 446, 151 S.W. 460, 464 [6]; Webb v. City of East Prairie, 359 Mo. 247, 221 S.W.2d 153, 154. The language of this court in the Robinson case makes it clear, however, that the reason for the nonapplicability of present Section 228.190 was not the fact that the streets happened to be located within a city but because the title to the land had been "voluntarily conveyed in trust to be used for the purpose of establishing streets thereon as they shall be needed." The court was ruling with respect to a "class of titles" which came into existence by voluntary conveyances in trust, irrespective of whether the dedicated streets were or were not within an incorporated city.

Thus in the later case of Bobb v. City of St. Louis, 276 Mo. 59, 205 S.W. 713, this court, in discussing the applicability of the nonuser limitation of Section 7847 RSMo 1889, now Section 228.190, said at page 715: "Having acquired the land in perpetual trust, it could only be abandoned by an act as deliberate as that by which it had been acquired. The act of 1887 (R.S.1889, § 7847) [present Section 228.190] was not intended to apply to such titles, and does not purport to apply." (Bracketed insert ours.)

In Evans v. Andres, 226 Mo.App. 63, 42 S.W.2d 32, 35, the court held that section (228.190) did not apply to a *city street* whether or not within an incorporated town, and construed the language of the section (228.190) to apply only to roads established by an order of the county court or by user for ten years and upon which public money had been expended. The court in the Evans case said at 42 S.W.2d 35 [9]: "There can be no doubt the Legislature has provided laws for streets and alleys separate and distinct from the general road laws. For example, when legally established roads under the general law have once been established the statute provides a method under the general law for vacation of the same by court proceedings. Section 7836, Rev.St.Mo.1929. But an entirely different section of the law governs the vacation of streets in platted unincorporated towns. See section 7169 [present Section 71.270], supra. It thus seems clear a separate Code has been provided for the vacation of the two classes of highways and we perceive no sound reason for enlarging upon the provisions of section 7839, supra [present Section 228.190], so as to permit it to encompass streets and alleys in unincorporated cities. We therefore hold said ten-year statute has no application in this case, although certain broad language used in the case of Johnson v. Rasmus, 237 Mo. 587, 141 S.W. 590, relied on by defendant, might be so construed." (Bracketed inserts ours.)

We are of the view that the construction given present Section 228.190 by the court of appeals in the Evans case, supra, was correct and followed the rule of the Korns case, supra, which had specifically limited the scope of the broad language used in Johnson v. Rasmus, supra.

■ It is true, as pointed out by the respondents, that a court of appeals in Odom v. Hook, Mo.App., 177 S.W.2d 165, 171, 172, held that the broad language of present Section 228.190 made it applicable to any public highway other than city streets, relying upon language contained in Johnson v. Rasmus, supra. The court of appeals did not mention in its opinion either the case of Robinson v. Korns, supra, which, as we have held, limited the effect of the language of the Johnson case or the case of Evans v. Andres, supra, which followed the principle stated in the Robinson case.

We are of the view that Odom v. Hook, supra, is in error and should no longer be followed in so far as it holds that the nonuser provision of Section 228.190, supra, is applicable to streets which have been dedicated in accordance with the provisions of a statute and have been specified on a recorded plat of a tract of land located outside the limits of a town or city whereby title to said streets in trust has been vested in the county of the land's location.

It is our opinion that Third Avenue may be vacated only in accordance with the provisions of Section 71.270, supra, and it follows that the judgment is reversed and the case remanded with directions to enter a judgment in accordance with the views herein expressed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.