**Elvin PAULS, Plaintiff–Appellant,**

**v.**

**COUNTY COMMISSION OF WAYNE COUNTY, Missouri, Defendant–Respondent.**

**No. 23207.**

Missouri Court of Appeals,
Southern District,
Division One.

July 11, 2000.

Rehearing Denied Aug. 2, 2000.

Robert M. Ramshur, Michael B. Dudley, Ramshur Law Office, P.C., Piedmont, for appellant.

No appearance for respondent.

PARRISH, Judge.

Elvin Pauls (plaintiff) appeals a judgment dismissing a three-count petition he filed against the County Commission of Wayne County, Missouri (the commission). Count I of the petition sought an injunction to preclude the commission, its agents, servants, employees and those acting in its behalf "from entering onto Plaintiff's real estate for the purposes of earth moving, gravel hauling, disturbance of the natural

flora, fauna and waterways on and across Plaintiff's real estate, [and] claiming a county roadway on Plaintiff's real estate." Count II sought damages for trespass to plaintiff's real estate. Count III was an action for inverse condemnation.

The judgment found for the commission on all counts. It recites "that judgment is entered in favor of [the commission] and against plaintiff; that the petition of plaintiff is dismissed with prejudice; and that the court costs are assessed against plaintiff." This court affirms in part, reverses in part and remands with directions.

The commission had a "tin horn" installed where a road crossed a creek on land plaintiff owned. The tin horn was installed to prevent vehicles that crossed the creek from dragging their bumpers on its steep banks. The road that crossed the creek was an extension of County Road 349 known as Greasy Creek Road.

County Road 349 travels north from Missouri Highway 49. It reaches the southern boundary of plaintiff's property approximately one and one-fourth mile from Highway 49. The road continues across plaintiff's property to its eastern boundary. The Vassil family owns property that adjoins plaintiff's property at that location.

Plaintiff contends the portion of the roadway that crosses his property is not a public road. He asserts the commission had no authority to enter his property; that it damaged his property by entering on it and doing the excavation necessary to install the tin horn.

The commission admitted it had maintained the roadway on plaintiff's property and asserted it would continue to do so. It asserted the roadway across plaintiff's property was a public road. It averred "by way of affirmative defense" that the road was "a legally established public road pursuant to Section 228.190, R.S.Mo."

1. References to statutes are to RSMo 1994.

Section 228.190[1] provides, in applicable part:

> ... [A]ll roads that have been used as such by the public for ten years continuously, and upon which there shall have been expended public money or labor for such period, shall be deemed legally established roads; and nonuse by the public for five years continuously of any public road shall be deemed an abandonment and vacation of the same.

As this case was tried before the court without a jury, this court's review is undertaken pursuant to Rule 84.13(d), 2000 Missouri Rules of Court.[2] The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence or it is the result of an erroneous declaration or application of law. *Harper v. Harper*, 4 S.W.3d 626, 627 (Mo.App.1999).

There was no request for the trial court to make findings on controverted fact issues and no findings were made. Thus, all fact issues are considered as having been found in accordance with the result reached. Rule 73.01(c). Although the judgment does not specifically declare that the road across plaintiff's land was a public road, this court concludes that was the basis on which the trial court found the issues in favor of the commission. Under the pleadings on which the case was tried and the evidence adduced, the finding that the road is a public road is consistent and in accordance with the result reached.

■ Plaintiff's first point on appeal asserts the trial court erred in finding that the road crossing his property was a public road "because there was no evidence of public use and public labor for a minimum of 10 years" as required by § 228.190.

In *Arrington v. Loehr*, 619 S.W.2d 888 (Mo.App.1981), this court explained what

2. Prior to January 1, 2000, the applicable rule was Rule 73.01(c). There is no substantive change.

was required in order to establish a public road under § 228.190:[3]

> To establish a public road under § 228.190 it is not necessary to prove a constant expenditure of public money or labor on the road or expenditure each and every year for the ten year period, but it is sufficient to show that the expenditure began and continued from time to time for the ten year period as reasonably might be considered necessary and expedient by those in authority, and that such expenditure was sufficient to maintain the road in condition for public travel. *Dayton Township of Cass County v. Brown*, 445 S.W.2d 322, 324 (Mo.1969); *Liberty Township of Stoddard County v. Telford*, 358 S.W.2d 842, 843 (Mo.1962); *Wilson v. Sherman*, 573 S.W.2d 456, 458 (Mo.App.1978). Whether a road is public is determined by the extent of the right to use it and not by the extent to which that right is exercised or by the quantity of travel over it. *Wilson v. Sherman, supra*, 573 S.W.2d at 460.

*Id.* at 891.

*Skinner v. Osage County*, 822 S.W.2d 437 (Mo.App.1991), further explains:

> To be public, it is enough if the use of the roadway "is free and common to all citizens, and that the public has actual access to it." This determination is not wholly dependent on the roadway's "length, or on the place to which it leads, or on the number of people who use it." *Dayton Township of Cass County v. Brown*, 445 S.W.2d 322, 325 (Mo.1969); *Wilson v. Sherman*, 573 S.W.2d 456, 460 (Mo.App.1978).

*Id.* at 441.

Witnesses testifying about the use of the roadway and the use of public money or labor to maintain it included Wayne Bearden, a former county commissioner, John Stevenson, a member of the Benton Township Special Road District which maintained the road prior to 1979, Bruce Keel, a current county commissioner, William Reynolds, a former resident of Wayne County, and plaintiff. Their testimony was, in sum, that the public had used the disputed road since 1952, and that public money or labor was expended to maintain the road for more than 10 years. The maintenance of the road included grading portions of it, graveling it, cutting trees out of the roadway and filling holes. The trial court obviously relied on that testimony in finding for the commission.

This court defers to the credibility determinations made by the trial court. *Skinner*, 822 S.W.2d at 439. The evidence favorable to the prevailing party and reasonable inferences therefrom are accepted as true. *Id.* Contrary evidence and inferences derived from that evidence are disregarded. *Id.* Point I is denied.

■ Plaintiff's second point is directed to the form of the judgment the trial court entered. Point II asserts the trial court erred in not describing the area it concluded was a public road with particularity; that the judgment failed to include a legal description of the area of the road it found to be public. This court agrees.

As in *Skinner v. Osage County, supra*, the judgment in this case does not describe the road that was determined to be public. Thus, "[n]o one knows where the public has the right to travel and, conversely, what travel would be trespass." 822 S.W.2d at 443. Point II is granted.

The judgment is affirmed as to the trial court's determination that the road in question is a public road. It is reversed, however, for failure to describe the road's location. The case is remanded with directions that the trial court describe precisely the roadway that it has determined to be public. The trial court may receive additional evidence, if necessary, for this purpose. If the evidence leaves the description of the road uncertain, the trial court has the authority "to direct a survey

---

**3.** § 228.190 was last changed in 1953.

to determine the facts necessary for a proper judgment and to tax the expense of the survey as cost." *See State ex rel. Shannon County v. Chilton*, 626 S.W.2d 426, 429–30 (Mo.App.1981).

CROW, P.J., and SHRUM, J., concur.