Richard and Susan **FAUSTLIN**, **Respondents**,

v.

Jean **MATHIS**, Appellant.

No. 25032.

Missouri Court of Appeals, Southern District, Division One.

March 24, 2003.

J. Gregory Powell, Joplin, for appellant.

Abe R. Paul, Pineville, for respondents.

ROBERT S. BARNEY, Judge.

A dispute between Jean Mathis ("Appellant") and Richard and Susan Faustlin ("Respondents") over a tract of property alleged to be a roadway reaches this Court via appeal from the Circuit Court of Newton County. That court declared the property to be a public road, and ordered Appellant to refrain from interfering with its use. Appellant claims this decision was against the weight of the evidence, and alternatively that the public road was abandoned. We affirm.

The disputed roadway and surrounding lots originally belonged to a single owner, who sub-divided and sold off parcels of the property. The roadway existed as early as the 1970s and provided access to several tracts of land, including the property now owned by Respondents. A survey commissioned in 1975 also designated the roadway as a "public road."

In February of 2000, Appellant and Respondents' daughter, Christine Mathis, divorced, and she was awarded property accessible by a main road and the roadway in question.[1] Appellant subsequently placed vehicles and a boat across the disputed roadway, effectively blocking any access by that means. Respondents then sought to quiet title on the property, and asked the Circuit Court of Newton County to establish a roadway either through declaration of a public road or through prescriptive easement.

At trial, the parties presented testimony from current and former residents who lived near the disputed property, a land surveyor, and several employees from the city of Pineville. The trial court heard the case without a jury and declared the disputed property a public road.

Appellant now brings two points of trial court error on appeal. In Point I, Appellant contends that the court erred in finding that the property was a public road because the evidence established that the property was merely a path that allowed neighboring property owners to access adjoining properties. In Point II, Appellant contends that even if a public road, the weight of the evidence established that the property was abandoned by non-use. We affirm.

When reviewing a court-tried case we adhere to the principles set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or the trial court erroneously applied or declared the law. *Kohler v. Bolinger*, 70 S.W.3d 616, 619 (Mo.App.2002). We review the evidence "in the light most favorable to the prevailing party, giving it the benefit of all reasonable inferences and disregarding the other party's evidence except as it supports the judgment." *Hillme v. Chastain*, 75 S.W.3d 315, 317 (Mo.App.2002). We do not weigh the evidence, and must give due deference to the trial judge who is in a superior position to assess the credibility of witnesses. *Id.* at 317.

In his first point on appeal, Appellant contends that the weight of the evidence established that the disputed property was not a public road. We disagree.

"'A public road, except state roads, may be established in three ways: (1) under the provisions of Chapter 228, RSMo,[2] (2) by prescription,[3] or (3) by

1. The Circuit Court of McDonald County awarded the property to Christine Mathis as part of her divorce from Appellant; she subsequently transferred the property to Respondents.

2. In particular, section 228.190, RSMo 2000 states: "All roads in this state that have been established by any order of the county commission, and have been used as public highways for a period of ten years or more, shall be deemed legally established public roads; and all roads that have been used as such by the public for ten years continuously, and upon which there shall have been expended public money or labor for such period, shall be deemed legally established roads; and nonuse by the public for five years continuously of any public road shall be deemed an abandonment and vacation of the same."

All statutory references are to RSMo 2000, unless otherwise stated.

3. "'An easement by prescription is established by use that is continuous, uninterrupted, visible, and adverse for a period of ten

implied or common law dedication.' " [4] *Reardon*, 77 S.W.3d at 761 (quoting *Coffey v. State ex rel. County of Stone*, 893 S.W.2d 843, 846 (Mo.App.1995)). To prevail on appeal, Appellant must show that none of these three methods were proven at trial. *Reardon*, 77 S.W.3d at 761.

While Respondents' petition sought relief based upon the first two methods, the trial court failed to specify the basis upon which it reached its determination. Nevertheless, Appellant disputes that any of these statutory methods established that the disputed property was a public road. Appellant contests that the disputed property could even be classified as a road, and describes it as merely a path over rugged terrain traversable only by four-wheel vehicles that allowed neighbors to access their adjoining properties. Appellant also argues that the evidence did not show that either the city or county maintained the road, and that any grading or other work terminated at his property line. Appellant also contends that there is no evidence that he intended to dedicate the property as a public road.

 We initially consider the first method by which a disputed property may be classified as a public road, specifically, whether the tract was used by the public as a road for ten continuous years and whether public money or labor was expended in maintaining it as a road. *See* § 228.190. A party need not prove a constant expenditure of public money or labor on the road in question, nor that the expenditures occurred each and every year

over the ten year period. *See Pauls v. County Comm'n of Wayne County*, 26 S.W.3d 597, 599 (Mo.App.2000). Rather, it is sufficient that a party show that the expenditure began and continued from time to time over a ten-year period " 'as reasonably might be considered necessary and expedient by those in authority, and that such expenditure was sufficient to maintain the road in condition for public travel.' " *Id.* at 599 (quoting *Arrington v. Loehr*, 619 S.W.2d 888, 891 (Mo.App. 1981)). Nor must a party show constant travel upon the roadway to establish it as a public road. "Whether a road is public or private is determined by the extent of the right to use it, not by the extent to which that right is exercised or by the quantity of travel over it." *Chapman v. Lavy*, 20 S.W.3d 610, 613 (Mo.App.2000); *see also Pauls*, 26 S.W.3d at 599; *Skinner v. Osage County*, 822 S.W.2d 437, 441 (Mo.App. 1991). A public roadway exists if the use of the roadway " 'is free and common to all citizens, and that the public has actual access to it.' " *Pauls*, 26 S.W.3d at 599 (quoting *Skinner*, 822 S.W.2d at 441). "This determination is not wholly dependent on the roadway's 'length, or on the place to which it leads, or on the number of people who use it.' " *Pauls*, 26 S.W.3d at 599 (quoting *Skinner*, 822 S.W.2d at 441).

 When viewing the facts in the light most favorable to Respondents and disregarding all evidence that conflicts with the judgment, *Hillme*, 75 S.W.3d at 317; *Pauls*, 26 S.W.3d at 599, we find that

years.' " *Reardon v. Newell*, 77 S.W.3d 758, 761 (Mo.App.2002) (quoting *Kirkpatrick v. Webb*, 58 S.W.3d 903, 906 (Mo.App.2001)). These elements must be established by clear and convincing evidence, and mere permissive use does not ripen into an easement. *Id.*

4. " 'The elements of common law dedication are: (1) the owner, by unequivocal actions,

intended to dedicate the land to public use; (2) the public accepted the dedicated land; and (3) the public is using the dedicated land.' " *Wagemann v. Elder*, 28 S.W.3d 351, 354 (Mo.App.2000) (quoting *Hoag v. McBride & Son, Inv. Co.*, 967 S.W.2d 157, 174–75 (Mo.App.1998)).

sufficient evidence exists from which the trial court could find that the disputed property was a public road.[5]

This is manifested by the fact that past and present residents of the area, including: Verlys Hilton, Bruce Lett, Robert Lee, Jeffrey Dennis, and Respondent Richard Faustlin, all testified that the road was used by the public and the road had served as a means for residents to enter and exit the property as far back as 1975.

Hilton testified that use of the road continued until Appellant placed obstructions across the road to block access. Hilton and Lett also testified that they personally had maintained the road with a bulldozer and placed cement and gravel on portions of the road to make it more usable. Hilton, Lett, and Dennis likewise testified that they had witnessed either the county or city perform grading and other maintenance work on portions of the road, and that such work was done as recently as several years prior to the trial. Dennis testified that the maintenance and grading went all the way back to Lee's trailer, located at the back of the property. Hilton further related one occasion in which a grader tore a phone line out while working at the branch crossing. Testimony also indicates that the city of Pineville designated the road as "St. John Boulevard" and placed a street sign at the location in the early 1980s. Additionally, Eric Harris testified that "tons of people" also used the road to dump fill into a hollow located off the road.

This testimony indicated that the public traditionally had access to and the right to make use of the roadway, however infrequent such travel may have occurred. It also supports Respondents' claim that the city or county spent at least some money and labor to maintain the road. While Appellant also presented conflicting evidence, our standard of review directs us to defer to the credibility determinations made by the trial court and accept as true all evidence favorable to the prevailing party. *Pauls*, 26 S.W.3d at 599. We do not find the trial court's decision to be against the weight of the evidence. Point I is denied.

In his second point on appeal, Appellant contends that even if classified as a public road, the weight of the evidence established that the disputed property was abandoned by non-use. Specifically, Appellant claims that the public ceased using this road in favor of a new road constructed in the 1980s, and, therefore, the public road should revert back to Appellant.

First, we note that Rule 84.04(e) provides that the argument portion of an appellate brief shall "include a concise statement of the applicable standard of review for each claim of error." Rule 84.04(e).[6] An argument also should demonstrate " 'how the principles of law and the facts of the case interact.' " *Estate of Phillips v. Matney*, 40 S.W.3d 15, 19 (Mo. App.2001) (quoting *Christomos v. Holiday Inn Branson*, 26 S.W.3d 485, 487 (Mo.App. 2000)). While Appellant states the appropriate standard of review for this point, he fails to demonstrate the respective principles of substantive law to which the facts of the case can be compared, cites no relevant authority, nor specifies why cita-

---

**5.** We note that we have had some difficulty at times in discerning from the record which portions of the road in question witnesses referred in their testimony. Much of the testimony regarding usage and maintenance of the disputed property consisted of "This area here." and "This line right here." Since Appellant's brief provides little clarification on these responses, we glean the witnesses' intent from the record as best we can.

**6.** Rule references are to Missouri Court Rules (2002).

tions are not available.[7] "Where the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned." *Id.* at 19. As there was no substantial compliance with Rule 84.04(e) this point on appeal could be dismissed. However, we will gratuitously consider the merits of Appellant's second claim of trial court error. *See* Rule 84.13(c).

Appellant's claim likely rests upon section 228.190, *supra*, which provides in relevant part that "nonuse by the public for five years continuously of any public road shall be deemed an abandonment and vacation of the same." According to Appellant, the substantial weight of the evidence establishes that the public road was unused by the public for more than five years and therefore should be declared abandoned.

We first note the difficult standard a party must meet in order to establish the abandonment of a public road. "One asserting abandonment of a public road must carry the burden of showing such abandonment by clear and cogent proof." *Chapman,* 20 S.W.3d at 613–14. Furthermore, the right to use a public road is not "surrendered or abandoned unless all of the public concur therein, and the loss of such right to use may result only from the acts and doings of the parties entitled to the road, not from the antagonistic or hostile possession of others." *Id.* at 613.

In viewing the facts in the light most favorable to the verdict and disregarding any conflicting evidence, we find while the evidence indicates that the use of the road was sporadic, the evidence of nonuse for five years is not clear and cogent.

Neighboring residents and their guests have used the road to access their property, and have done so since as early as 1975. The public has used the road to access a ravine in which they dump trash and other fill, and while such activities may or may not be legal, they constitute use.[8] Witnesses also testified that city or county personnel continued to service and maintain the road as recently as a few years ago. A sign continues to mark the road as "St. John Boulevard." Respondents also have continued to use the road, and, as evidenced by the present action, they have given no such indication that they desire to abandon or surrender that right.

Accordingly, we find no clear and cogent evidence showing that the public road was abandoned for the requisite period of time. There has been no showing of manifest injustice or a miscarriage of justice. Point II is denied.

The judgment is affirmed.

RAHMEYER, C.J., and GARRISON, J., concur.

---

7. While Appellant claims that a road may be abandoned, he fails to point out what, exactly, constitutes abandonment. Nor does Appellant offer any clear and convincing evidence that the road was abandoned. Appellant also fails to provide any legal citations regarding his claim, nor citations to the record in support of his contentions.

8. In *Seaton v. Weir,* 633 S.W.2d 212, 215 (Mo.App.1982), the court denied a claim that the " 'illegal' acts of lovers, trash dumpers and hunters cannot be 'contorted' to constitute use by the public" and declared a disputed tract of property a public road. *Id.* "[A]lthough the activities carried on by these people may have been illegal, the use of the road itself would be legal." *Id.*