Robert F. PRZYBYLSKI and Bonnie
D. Przybylski, Appellants,

v.

Simon BARBOSA and Louise Mahlandt and Andrew County, Missouri, Respondents.

No. WD 69632.

Missouri Court of Appeals,
Western District.

April 28, 2009.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 2, 2009.

Application for Transfer Denied
Sept. 1, 2009.

Philip A, Klawuhn, Esq., Kansas City, Steven L. Stevenson, Esq., Savannah, MO, for appellants.

Keith Ferguson, Esq., St. Jospeh, MO, for respondent.

Before Division One: ALOK AHUJA, Presiding Judge, HAROLD L. LOWENSTEIN, Judge and THOMAS H. NEWTON, Chief Judge.

HAROLD L. LOWENSTEIN, Judge.

## I. INTRODUCTION

This case is one of adverse possession regarding a strip of land dedicated for use as a public road.

## II. FACTS

Edward Miller owned a large tract of land located in Andrew County, Missouri, known as Hickory Hills Estates. In January 1978, Hickory Hills Estates was subdivided and platted by filings with the recorder of deeds, and Edward Miller conveyed a strip of land running through the subdivided lots to Andrew County by dedication for use as a public road. Later, an Andrew County court issued an order under Section 228.080 RSMo. (1969) establishing the strip of land as a road. That same year, Robert and Bonnie Przybylski (Plaintiffs) purchased lot 5 located in Hickory Hills Estates. The strip of land dedicated for use as a public road abuts the southern border of lot 5. Short-ly after the strip of land was dedicated, the county constructed a road over it, except for the strip abutting the southern border of lot 5 (hereinafter "the undeveloped land"). The undeveloped land was never graded, graveled, or constructed into a road. The undeveloped land has never been used as a public road since it was dedicated to the county in 1978. Plaintiffs allege that they have exercised exclusive control over the undeveloped land by fencing it off from the public, by planting grass, trees, and shrubbery over it, and by providing up-keep of it. Plaintiffs assert they have maintained open, notorious, hostile, and uninterrupted possession of the undeveloped land throughout their thirty-one year ownership of lot 5.

Simon Barbosa and Louise Mahlandt (Defendants) purchased lot 3 located in Hickory Hills Estates in 1991. The developed portion of the public road runs along the northern border of lot 3. Thus, Defendants have access to lot 3 via the developed road. In 1995, Defendants purchased lot 4, which abuts the western border of lot 3. Lot 4 is located directly south of lot 5, and thus, the undeveloped land abuts both the northern border of lot 4 and the southern border of lot 5. In June 2007, Defendants allegedly entered upon the undeveloped land by removing and damaging the fence Plaintiffs constructed around it.

Plaintiffs filed a petition seeking a declaration that they acquired title to the undeveloped land by adverse possession. Plaintiffs additionally requested a judgment for ejectment of Defendants from the undeveloped land and damages. In the petition, Plaintiffs set forth a two-step analysis to reach the conclusion that they acquired title to the undeveloped land by adverse possession. First, in order to cir-

cumvent the county's ownership claim, Plaintiffs cited the five year non-user provision of Section 228.190:

> All roads in this state that have been established by any order of the county commission, and have been used as public highways for a period of ten years or more, shall be deemed legally established public roads; and all roads that have been used by the public for ten years continuously, and upon which there shall have been expended public money or labor for such period, shall be deemed legally established roads; *and nonuse by the public for five years continuously of any public road shall be deemed an abandonment and vacation of the same.*

(emphasis added.) Plaintiffs first alleged that the undeveloped land was established as a public road by the 1978 county court order establishing the undeveloped land as a public road, pursuant to section 228.080, and was subsequently abandoned by the county because it was neither physically developed into a road nor used by the public for five continuous years, pursuant to section 228.190. Second, Plaintiffs assert that after the undeveloped land was abandoned in 1983, due to five continuous years of non-use by the public, they adversely possessed the land for ten years thereafter. And, as a result, Section 516.010[1] barred any challenge to Plaintiffs' title over the land.

In response, Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted, arguing that the first step in Plaintiffs' analysis was flawed. Essentially, Defendants claim that the undeveloped land at issue is not subject to abandonment provision of sec-

tion 228.190, because the undeveloped land was never established as a public road.

The trial court agreed with Defendants and granted the motion to dismiss. The Court reasoned under *Winschel v. County of St. Louis,* stating that the five-year non-user provision under Section 228.190, "only applies to public roads *existing* or which *have existed,* and not to title of lands voluntarily conveyed in trust to be used for the purposes of establishing streets thereon as they shall be needed." 352 S.W.2d 652, 654 (Mo.1961) (emphasis added). Plaintiffs' petition explicitly averred that the undeveloped land was voluntarily conveyed by dedication to the county and, further, that the undeveloped land had never been developed or used as a public road. Based on Plaintiffs' averments, the trial court concluded that because the undeveloped land never existed as a public road, the five year non-user provision of section 228.190 did not apply. As a result, the undeveloped land could not have been abandoned or vacated under section 228.190, and Plaintiffs could not have acquired ownership by adverse possession. Thus, the court found that Plaintiffs' petition failed to state a claim upon which relief can be granted. Plaintiffs appeal from the trial court's ruling.

### III. STANDARD OF REVIEW

This court reviews a trial court's grant of a motion to dismiss *de novo. Crocker v. Crocker,* 261 S.W.3d 724, 726 (Mo.App. 2008). A motion to dismiss for failure to state a claim upon which relief can be granted is solely a test of the adequacy of the plaintiffs' petition. *S & P Props., Inc. v. City of University City,* 178 S.W.3d 579, 581 (Mo.App.2005). "[A]ll facts alleged in

---

1. Section 516.010 provides in pertinent part, that "No action for the recovery of any lands ... shall be commenced, had or maintained by any person ... unless it appears that the

plaintiff ... was seized or possessed of the premises in question, within ten years before the commencement of such action."

the petition are treated as true, and the petition is 'construed favorably to the plaintiff to determine whether the averments invoke substantive principles of law which entitle the plaintiff to relief.'" *Crocker,* 261 S.W.3d at 726 (quoting *Farm Bureau Town & Country Inc. Co. of Mo. v. Angoff,* 909 S.W.2d 348, 351 (Mo. banc 1995)). If the facts alleged would entitle the plaintiff to relief, then the petition states a claim. *Lynch v. Lynch,* 260 S.W.3d 834, 836 (Mo. banc 2008).

## IV. DISCUSSION

In their first point, Plaintiffs contend that the trial court erred in granting Defendants' motion to dismiss. Plaintiffs argue that the averments set forth in the petition adequately support their claims for ownership by adverse possession, ejectment, and damages. In particular, Plaintiffs allege that the undeveloped land was first established as a public road and then subsequently abandoned, pursuant to the fire year non-user provision of section 228.190. After the land was abandoned, Plaintiffs acquired ownership by adversely possessing the undeveloped land for ten years thereafter, pursuant to section 516.010. Plaintiffs conclude that the petition set forth facts which, if proven, entitle them to relief on all of their claims, and as such, Defendants' motion to dismiss should have been denied.

The parties agree that the January 20, 1978 dedication of the undeveloped land was a sufficient conveyance to the county. Such a conveyance is valid in Missouri and served to vest title to the undeveloped land to the county, in trust, for use as a public road. *See Winschel, supra.* Additionally, the parties agree that the undeveloped land has never been physically developed into a road or used as a public road. The contention between the parties is whether the undeveloped land was established as a public road, making it subject to abandonment under section 228.190.

■ At the forefront, this court notes that, in order to survive a motion to dismiss for failure to state a claim, Plaintiffs' petition must aver facts sufficient to show that the undeveloped land was first established as a public road and, second, abandoned pursuant to the five-year non-user provision of section 228.190.1. The statute of limitations applicable to adverse possession does not run against public lands. *Rice v. Huff,* 22 S.W.3d 774, 781 (Mo.App. 2000) (citing Section 516.090). Case law suggests that the statute of limitations on an adverse possession claim of a dedicated road only begins to run once it is vacated or abandoned. *Id.* "A public road can be abandoned in one of two ways: through either a formal vacation accomplished by filing a petition, section 228.110, or nonuse by the public for five years continuously, section 228.190." *Burris v. Mercer County,* 252 S.W.3d 199, 202 (Mo.App.2008)(footnote omitted). Here, Plaintiffs never attempted a formal vacation by filing a petition. Therefore, in order to succeed on an adverse possession claim and, hence, survive Defendants' motion to dismiss, Plaintiffs must show that the undeveloped land was established as a public road and subsequently abandoned by five years of continuous non-use by the public, pursuant to section 228.190.

■ A public road may be established in three ways: (1) under section 228.190, RSMo; (2) by prescription; or (3) by implied or common law dedication. *Karashin v. Haggard Hauling & Rigging, Inc.,* 653 S.W.2d 203, 205 (Mo. banc 1983). The averments set forth in Plaintiffs' petition, which are treated as true under the standard of review, state that the undeveloped land was dedicated to the county for use as a public road in a platted subdivision filed with the recorder of deeds. Thereafter, an

Andrew County court issued an order, pursuant to section 228.080 RSMo 1969, establishing the undeveloped land as a public road on January 20, 1978. Plaintiffs argue that the court order was, by itself, sufficient to establish the undeveloped land as a public road under the first method of establishing a public road, section 228.190., and, therefore, was subject to abandonment under the five year non-user provision of section 228.190. Plaintiffs cite *Johnson v. Rasmus*, 237 Mo. 586, 141 S.W. 590 (1911), and *Winschel*, 352 S.W.2d at 654 in support.

In *Winschel* the Missouri Supreme Court reiterated the holding in *Johnson*, stating that the abandonment portion of section 228.190 applies to *any* highway or public road, *however acquired*, and that section 228.190 is not limited in its applicability to roads acquired by the public in the ways mentioned in the preceding portions of Section 228.190. *Winschel*, 352 S.W.2d at 654 (citing *Johnson*, 141 S.W. at 591) (emphasis added). According to Plaintiffs, because the abandonment provision of section 228.190 applies to any highway or public road, *however acquired*, the 1978 county court order is, by itself, sufficient to establish a public road subject to abandonment under section 228.190.

■ Plaintiffs' reliance on *Johnson* and *Winschel* is misplaced. *Johnson* and *Winschel* do not support Plaintiffs' argument that the 1978 county court order is, by itself, sufficient to establish a public road subject to abandonment under section 228.190. The court order was issued under section 228.080, which provides:

> If it shall appear from the engineer's report that the right-of-way has been secured, and needs therefore filed, or that damages claimed do not exceed the amount offered by the commission or deposited by the petitioners, or both, the commission shall order the road established.

Section 228.080 describes particular circumstances when a county commission must issue an order establishing a road. In holding that a public road, *however acquired*, is subject to abandonment under Section 228.190, *Winschel* and *Johnson* were alluding to public roads established by one of three methods mentioned above: (1) under Section 228.190 RSMo; (2) by prescription; or (3) by implied or common law dedication. *Karashin*, 653 S.W.2d at 205. Abandonment under section 228.190 applies only where a public road is established by *one* of the *three* preceding methods. *Winschel*, 352 S.W.2d at 654 (citing *Johnson*, 141 S.W. at 591) (emphasis added). None of the methods support Plaintiffs' argument that the 1978 county court order, by itself, established a public road subject to abandonment under section 228.190.

Under the first methods, a public road may be established under Section 228.190 either: "(1) by order of the county court *and* use as a public highway for ten years; or (2) by public use for ten years *and* expenditure of public money or labor thereon for such period." *Karashin*, 653 S.W.2d at 205 (emphasis added). As averred in Plaintiffs' petition, the undeveloped land was *never* used by the public. Because the 1978 Andrew County court order was not accompanied by use as a public highway for ten years, the order was not, by itself, sufficient to establish a public road subject to abandonment under either procedure set forth in section 228.190.

■ Additionally, Plaintiffs' petition fails to support a finding that a public road was established by either of the remaining

two methods for establishing a public road: by prescription [2] or by implied or common law dedication.[3] *Faustlin v. Mathis*, 99 S.W.3d 546, 548–49 (Mo.App. S.D.2003). As a result, Plaintiff petition fails to aver facts demonstrating that the undeveloped land was established as a public road subject to abandonment under section 228.190.

As previously mentioned, Plaintiffs' petition demonstrates that the January 20, 1978 dedication of the undeveloped land conveyed title of the land to Andrew County. Such a conveyance is valid in Missouri and was sufficient to vest title to the undeveloped land to Andrew County, in trust, for use as a public road. *Winschel*, 352 S.W.2d at 653. Numerous Missouri courts have held that the abandonment provision of section 228.190 was:

> not intended to apply to title of lands voluntarily conveyed in trust to be used for the purpose of establishing streets thereon as they shall be needed and that lands so dedicated in perpetual trust and platted for such purposes can only be abandoned by an act as deliberate as that by which they were acquired, that is, by proceeding under Section 228.110.

*Coffey v. State ex rel. County of Stone*, 893 S.W.2d 843, 848 (Mo.App.1995) (quoting *State ex rel. State Highway Comm'n v. Herman*, 405 S.W.2d 904, 908 (Mo.1966)) (citing *Robinson v. Korns*, 250 Mo. 663, 157 S.W. 790 (1913); *Bobb v. City of St. Louis*, 276 Mo. 59, 205 S.W. 713 (1918)); *Winschel*, 352 S.W.2d at 652. As the court in *Coffey* noted, the preceding cases stand for the principle that the abandonment provision of section 228.190 does not apply when, such as here, lands are voluntarily conveyed to a county to be used for a road for public purposes. 893 S.W.2d at 848. Thus, the abandonment provision of section 228.190 does not apply to the undeveloped land.

Although the abandonment provision of section 228.190 is inapplicable to the undeveloped land because it was never established as a public road and is land held in trust by the county for the purpose of establishing a public road, Plaintiffs were not precluded from seeking a formal vacation through the courts by filing a petition under section 228.110. *Burris*, 252 S.W.3d at 202. However, as previously noted, Plaintiffs chose not to pursue a formal vacation and thus, have no other avenue of relief. The statute of limitation on an adverse possession claim of a dedicated road only begins to run once it is vacated or abandoned. *Rice v. Huff*, 22 S.W.3d at 781. Under the facts averred, Plaintiffs are not entitled to a declaration that they acquired title to the undeveloped land by adverse possession. Nor are they entitled to a judgment for ejectment and damages.

Because the facts do not entitle Plaintiffs to relief, Plaintiffs' petition cannot survive a motion to dismiss for failure to state a claim upon which relief may be granted. *Lynch*, 260 S.W.3d at 836. The undeveloped land at issue in this case was not subject to abandonment under the five-year non-user provision of Section 228.190.1., and therefore, Plaintiffs' point on appeal is denied.

---

**2.** " 'An easement by prescription is established by use that is continuous, uninterrupted, visible, and adverse for a period of ten years.' " *Faustlin v. Mathis*, 99 S.W.3d 546, 548 n. 3 (Mo.App.2003) (citation omitted).

**3.** " 'The elements of common law dedication are: (1) the owner, by unequivocal actions, intended to dedicate the land to public use; (2) the public accepted the dedicated land; and (3) the public is using the dedicated land.' " *Id.* at 549, n. 4 (citation omitted).

The judgment of the trial court is affirmed.

All Concur.